Argued March 30, affirmed April 21, 1972

CALLAGHAN, *Petitioner, v.* MORGAN ET AL
(No. 71-AB-311), *Respondents.*
496 P2d 55

*Michael V. Phillips,* Eugene, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C.J.

This matter is before us on petition for review of the decision of the Oregon Employment Appeals Board denying claimant unemployment benefits for the period June 20, 1971, to July 24, 1971. During that period claimant was attending Lane Community College classes daily during the morning hours. The issue is whether during that time he was, as is required by ORS 657.155(3), "* * * able to work * * * available for work, and * * * actively seeking and unable to obtain suitable work * * *." "Suitable work" is defined by ORS 657.190.[1]

Claimant was in the United States Air Force for four years. The record indicates that he held private employment for only one day between the date of his discharge from the Air Force and his admission to Lane Community College as a student.

---

[1] ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the administrator shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

The local authorized representative of the State of Oregon Employment Division found claimant not eligible for benefits. After a hearing the referee found him eligible, stating in his order:

"* * * Claimant was available for work during the period June 20 through July 24, 1971 * * *. While normally a full load of classes is a restriction on a person's availability for employment, here, the claimant has testified that if a job were offered to him during a regular daytime shift, he would drop as many of his courses as necessary in order to be able to take the job. The claimant fulfilled the requirement of actively seeking work by personally contacting employers who hired auto mechanics and cabinet makers. Claimant, either by training or experience, or both, would have been able to have fulfilled the job requirements of the work he was seeking."

The Appeals Board on review of the record made before the referee again found claimant not eligible, stating in its order:

"* * * Claimant's activities during the weeks in question and testimony as to the hours he would accept employment conclusively establish he was neither available for work or actively seeking all suitable work. These requirements of the law are satisfied only when the individual is ready and willing to accept work for hours normal to the occupation and has made a sincere and reasonable effort to secure work. Being available to accept work for all hours except one shift or a part of one shift does not satisfy this eligibility condition of the law. The claimant must therefore be denied benefits for the weeks within the period of June 20 through July 24, 1971."

On appeal claimant concedes that if there is evidence to support the Appeals Board's findings its order must stand.

He argues: (1) attendance at school does not disqualify a person from receiving unemployment compensation if he is actively seeking employment and is ready, willing and able to accept any suitable employment offered; (2) the uncontradicted testimony of the claimant was that he was actively seeking and ready to accept any suitable employment offered; and (3) the referee's determination as to claimant's credibility—that claimant was "telling the truth"—was binding upon the Appeals Board.

The main thrust of the Employment Division's brief is in connection with claimant's third proposition, supra. The claimant, citing *National Labor Relations Bd. v. Universal Camera Corp.*, 190 F2d 429 (2d Cir 1951), argues, as noted above, that since the issue turns solely on the truthfulness of claimant, the reviewer of the record (the Appeals Board) is bound by the finding of the referee. The Employment Division argues that such is not the rule in Oregon; that in Oregon the Employment Appeals Board has the same powers of review under ORS 657.275[2] as the Workmen's Compensation Board has under ORS 656.298(6) and ORS 656.295(6). The Employment Division then cites *Han-*

---

[2] ORS 657.275 provides:

"(1) Whenever the administrator or any interested party files with the Employment Appeals Board an application for review and the Employment Appeals Board requires additional evidence to reach its decision it may refer the matter to the administrator who shall designate a referee to secure such additional evidence. If no additional evidence is required the Employment Appeals Board shall promptly and not later than 30 days from the receipt of the application for review, affirm, modify or set aside the findings of the referee and promptly notify the claimant and any other interested party of its decision.

"(2) The decision of the Employment Appeals Board shall become final 10 days after the date of notification or mailing thereof."

*nan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971), as authority for the proposition that while the Workmen's Compensation Board should give consideration to the credibility determinations of the hearing officer who observed the claimant in testimony, it is not bound by the fact findings of the hearing officer. We need not decide that question here, because this case does not turn on the issue of whether the claimant was telling the truth, but, rather, depends upon the interpretation placed upon his words. Amplification of this conclusion leads us to a discussion of claimant's first and second propositions.

■ All cases cited to us indicate that he who seeks to obtain unemployment compensation benefits while regularly attending school has a heavy burden to overcome—that regular attendance in school is in itself evidence of ineligibility. These cases, from seven different jurisdictions, are set forth in Annotation, 35 ALR3d 1129, 1154, § 7 (1971), the introductory portion of which states:

> "Claimants attending school have been markedly unsuccessful in their attempts to secure unemployment benefits. The courts usually hold that such claimants are not eligible for benefits because they are not available for work, and claimants' contentions that they will rearrange their schedules to meet the needs of offered employment have been rebuffed on the ground that they would not be able to rearrange their schedules so as to be able to work on rotating shifts. Moreover, it has been held that claimants' statements that if necessary they would quit school to accept employment need not be accepted at face value even though uncontroverted."

We have noted only one case, *Wiley Unempl.*

*Case,* 195 Pa Super 256, 171 A2d 810 (1961), which allowed benefits to a claimant despite the fact that he was attending college. In that case the claimant was 28 years old, married and the father of two children, and had been continuously employed by one employer for seven years before being laid off. At that time he secured employment from another company, but after being laid off by that company because of lack of work, he could not find further employment and filed a claim for unemployment benefits. He had been attending college either full-time or part-time during the years of full-time employment, and continued to attend college when he filed his claim for benefits. There the court held that all of these facts, coupled with the uncontroverted testimony that claimant would accept any available work and would change class hours accordingly, or drop out of school entirely, was sufficient to qualify him for benefits.

The only authority cited to us by claimant on this point is *Neff v. Industrial Comm.,* 24 Wis2d 207, 128 NW2d 465 (1964). In that case, even though the uncontradicted testimony was that defendant was ready, willing and able to accept any suitable work, the court held that the administrative agency was authorized to deny benefits solely because it did not believe claimant.

■ In the case at bar we agree with the Appeals Board finding that the claimant did not meet his burden of proof. He did not unequivocally testify that he was ready to drop school if necessary in order to accept any suitable work. On the contrary, he testified at one point he would be willing to give up school if it required him to work long hours; at another point, that he would give up school for a *good job;* and at still

another point, that he would accept employment during any hours *except* the hours during which he was going to school.

Affirmed.