Argued July 23, affirmed August 25, 1975

BROWN, *Petitioner, v.* EMPLOYMENT
DIVISION, *Respondent.*

539 P2d 666

*Robert L. Ackerman,* Springfield, argued the cause
for petitioner. With him on the brief were Babcock,
Ackerman & Hanlon, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for the respondent. With him on
the brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and
Foley, Judges.

SCHWAB, C. J.

The issue in this case is the same as in *Evjen
v. Employment Division,* 22 Or App 372, 539 P2d 662
(1975), and the principles stated there are controlling
here.

Unlike in *Evjen,* the referee here concluded that he was not convinced by claimant's testimony to the effect that he was an active member of the labor market seeking all suitable employment. The referee's order reads in pertinent part:

"FINDINGS OF FACT: (1) Claimant worked for the employer from January 15, 1972 until August 28, 1974 on the green chain. Between August 28, 1974 and December 10, 1974, claimant worked in seven two-week pay periods for the employer. He has had no work after December 10, 1974. (2) Claimant is a student at the University of Oregon. He attended fall-term, 1974, taking 16 credit hours. He took his last final exam for that term on December 20, 1974. (3) Claimant enrolled winter-term, 1975 on January 7, 1975, taking 13 credit hours from the University of Oregon. Claimant has completed 115 credit hours and needs 186 credit hours in order to graduate with a bachelor of arts degree in accounting. (4) Claimant is seeking work in the lumber and plywood mills and also seeking work with a moving company. Work in each occupation is performed during the time claimant attends classes at the University of Oregon. (5) During terms in which claimant both worked and attended school, claimant worked an average of 268 hours. During summer terms, when claimant did not attend school he worked an average of 324 hours for the employer \* \* \*. (6) Those occasions when claimant worked full-time for the employer occurred only during the summer months when claimant was not attending school. (7) Claimant is financing his education in part through two long-term student loans.

"CONCLUSIONS: Claimant is not sufficiently available for work and actively seeking and unable to obtain suitable work to be eligible for benefits during the weeks in issue. The eligibility for unemployment insurance benefits of a person enrolled in an educational program is determined on

a case by case basis. However, regular attendance at school in itself, infers ineligibility. A basic test is whether the individual enrolled is primarily a student, or is a worker, incidentally attending school. The evidence in the records and testimony indicate that claimant worked less hours when enrolled in school than he did when not enrolled in school. In any case, the evidence demonstrates that claimant was not a full-time employee of the employer during any period in which he attended school. Claimant is well on his way to graduation with a four year degree in accounting. He has made a substantial financial investment in school, and is receiving financial assistance in the form of two long-term loans. Under such circumstances, claimant has not shown that he is an active member of the labor market seeking all suitable work. He has not overcome the inference of ineligibility which arose when he began regular attendance at school. School attendance in the circumstances constitutes a material restriction. Claimant is not therefore, eligible for benefits under ORS 657.155.

"DECISION: The referee affirms the administrator's decision * * *."

In a somewhat cryptic order the Employment Appeals Board affirmed the decision of the referee. We assume that in so doing it gave weight, as is appropriate, to the referee's finding as to claimant's credibility. *See, Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). It follows that there is evidence in the record supporting the ·rder of the Board.

Affirmed.