Argued July 23, reversed August 25, 1975

EVJEN, *Appellant, v.* EMPLOYMENT
DIVISION ET AL (No. 75-AB-187), *Respondents.*

539 P2d 662

*Robert A. Bennett,* Portland, argued the cause for
petitioner. With him on the brief were Willner, Ben-
nett, Riggs & Skarstad, Portland.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent Employment Division.
With him on the brief were Lee Johnson, Attorney
General, and W. Michael Gillette, Solicitor General,
Salem.

No appearance for respondent Boise Cascade Corporation.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

Claimant appeals from an order of the Employment Appeals Board denying him unemployment compensation. The issue in this case, as was the situation in *Minniti v. Employment Division*, 21 Or App 356, 535 P2d 99 (1975); *Minniti v. Employment Division*, 18 Or App 44, 523 P2d 1060 (1974); and *Callaghan v. Morgan*, 9 Or App 116, 496 P2d 55 (1972), is the effect of regular school attendance upon eligibility for unemployment compensation.

Claimant worked for the same employer from May 1971 until December 1974 when he was temporarily terminated as part of a general layoff. When his claim for benefits was denied he sought and received a hearing before a referee. The referee's order stated in pertinent part:

"FINDINGS OF FACT: (1) Claimant has worked for the employer since May, 1971 and is now working. (2) Claimant was on a lay off during the period in issue. (3) Since the summer of 1974, claimant has regularly attended Chemeketa Community College. (4) Claimant has regularly traded shifts when necessary to facilitate school attendance. (5) He has on occasion missed class in order to work but has not missed work to attend school. (6) Claimant could not afford to attend school if not working. (7) He would resolve any conflict in favor of working, not in favor of school.

"CONCLUSION AND REASONS: Claimant is eligible, under ORS 657.155, for waiting week credits and benefits for the weeks in issue. A person's enrollment in school creates a presumption that

he is not available for work. This can be overcome only by a strong showing of realistic attachment to the labor market. The testimony and demeanor of the claimant fully persuade the referee that he has at all times been genuinely attached to the labor market, that he is primarily a workman and secondarily a student."

The employer then took the matter to the Employment Appeals Board which reversed the referee, its order stating in pertinent part:

"FINDINGS OF FACT: (1) Claimant has been employed by this employer since May of 1971. (2) During the period in issue from December 8, 1974 to January 18, 1975 (weeks 50 of 1974 through 3 of 1975), he has been unemployed due to a general layoff.

"(3) In the summer of 1974, claimant enrolled in Chemeketa Community College. (4) He remained employed during the time he was attending school. (5) During the weeks in issue, claimant was enrolled for 18 credit hours. (6) He has not missed any work to attend school.

"CONCLUSION AND REASONS: We do not agree with the decision of the referee in this matter. Claimant is not sufficiently available for work to be eligible for benefits by reason of his school attendance.

"Enrollment in school creates a presumption that a claimant is not sufficiently available for work to comply with the conditions of ORS 657.155. We find this presumption has not been overcome in this case."

In order for an unemployed individual to obtain unemployment insurance benefits he must prove, among other things, that "he is able to work, available for work, and is actively seeking and unable to obtain suitable work." ORS 657.155. When such an individual files a claim for benefits, ORS 657.265 provides that

an authorized representative of the Administrator of the Employment Division shall compute and promptly notify claimant of his entitlement to benefits, if any. If the claimant or one of his affected employers does not agree with the determination he may ask for a hearing, ORS 657.265(4), before a referee, ORS 657.270.

If the Administrator or any interested party is not satisfied with the referee's decision, he may have the matter reviewed by the Employment Appeals Board. ORS 657.275.

In *Stevenson v. Morgan,* 17 Or App 428, 431, 522 P2d 1204 (1974), we held that the scope of review by the Employment Appeals Board "is de novo on the record made before the referee." We also pointed out that, as provided by ORS 657.282, review by this court is limited to a determination of whether the Employment Appeals Board's order is "* * * supported by 'reliable, probative and substantial evidence in the whole record * * *.' ORS 183.480(7)." 17 Or App at 430.

In *Callaghan v. Morgan,* supra, in affirming an order denying benefits to an unemployed community college student we stated:

> "All cases cited to us indicate that he who seeks to obtain unemployment compensation benefits while regularly attending school has a heavy burden to overcome * * *." 9 Or App at 120.

What has transpired since then is set forth in *Minniti v. Employment Division,* 21 Or App at 358.

> "In affirming a decision of the Board denying benefits to a student attending Lane Community College, this court noted in *Callaghan v. Morgan,* 9 Or App 116, 496 P2d 55 (1972), that one seeking to secure unemployment compensation while attending school has a 'heavy burden' to overcome,

pointing out 'that regular attendance in school is in itself evidence of ineligibility * * *.' 9 Or App at 120. Mr. Minniti was subsequently denied benefits in September 1973 while attending the University of Oregon, the Board erroneously interpreting our ruling in *Callaghan* as making regular attendance at an educational institution *conclusive* evidence of ineligibility. On appeal, while reiterating that an individual's status as a student creates a substantial burden to be overcome in establishing eligibility under ORS 657.155, we clarified our earlier opinion by explicitly ruling that unequivocal testimony indicating a willingness on the part of a claimant to forego educational opportunities *together with* additional facts demonstrating that his education is 'secondary' to employment might serve to meet that burden. [Minniti v. Employment Division, 18 Or App 44, 523 P2d 1060 (1974).] The Board's order was then reversed and remanded for a further determination of whether claimant was entitled to benefits.

"We did not, however, by our former opinion —as claimant here contends—decide that an unequivocal statement of an intent to compromise one's educational interests in order to obtain employment would—in and of itself—be sufficient to overcome the burden imposed upon a student seeking unemployment benefits. As we noted in our previous opinion, citing *Couchman v. Industrial Comm.*, 33 Colo App 116, 515 P2d 636 (1973):

" ' " * * * *

" ' " "A determination of the availability for employment is one for which an all-inclusive rule cannot be stated, but rather must be made within the context of the factual situation presented by each case * * *." 515 P2d at 637.' 21 Or App at 359."

Although we have not so categorized school attendance in any of our opinions, both the referee and the Employment Appeals Board speak of enrollment

in school as creating a "presumption" of nonavailability for work. There is authority for the proposition that evidence of this type creates an inference rather than a presumption. *See, Palmer v. Van Petten Lbr. Co.,* 265 Or 347, 509 P2d 420 (1973); *Judson v. Bee Hive Auto Service Co.,* 136 Or 1, 294 P 588, 297 P 1050, 74 ALR 944 (1931).

However, we need not consider that distinction here.

> "Ordinarily whether an inference or presumption has been overcome is a question for the jury, but if the evidence is of such character that but one reasonable deduction can be made therefrom the court may so declare as a matter of law * * *." *Judson v. Bee Hive Auto Service Co.,* 136 Or 1 at 14.

This is such a case. The only evidence presented at the hearing was claimant's testimony. Nothing in his testimony was in any way inconsistent with his statement that work came first. The referee found him credible. The Employment Appeals Board, in a review of the record only, had no basis for arriving at a different result on the issue of credibility. On the record here we find as a matter of law that the referee's decision was correct.

Reversed.