Argued July 23, reversed August 25, 1975

HENDERSON, *Petitioner, v.* EMPLOYMENT
DIVISION ET AL (No. 75-AB-345), *Respondents.*

539 P2d 665

*Robert L. Ackerman,* Springfield, argued the cause

for petitioner. On the brief were Tom Hanlon, and Babcock, Ackerman & Hanlon, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Pope & Talbot, Inc.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

This unemployment compensation case involves the same basic issue as *Evjen v. Employment Division,* 22 Or App 372, 539 P2d 662 (1975); *Brown v. Employment Division,* 22 Or App 382, 539 P2d 666 (1975); and *Bird v. Employment Division,* 22 Or App 385, 539 P2d 668 (1975); that is, the effect of regular school attendance upon eligibility for unemployment compensation.

Here an authorized representative of the Administrator of the Employment Division and the referee found that the claimant was qualified for benefits, but the Employment Appeals Board reversed on the ground that claimant was not actively seeking suitable employment as required by ORS 657.155.

The only evidence at the hearing consisted of claimant's testimony. The referee found:

"FINDINGS OF FACT: (1) Claimant worked for the above employer from April, 1974 through November 1, 1974, as a millworker. (2) On November 1, 1974, claimant was laid off due to lack of work. (3) At the time claimant was laid off, he was a student at Lane Community College taking nine credit hours. (4) Since January 5, 1975, claim-

ant has been a student at Lane Community College taking 13 credit hours. (5) Even though attendance is not required for many of his classes, claimant attends school from 10:00 a.m. to 4:00 p.m., Mondays, Wednesdays and Fridays, and from 10:00 a.m. to 11:00 a.m., Tuesdays and Thursdays. (6) Claimant has no hesitation about dropping all of his classes which might interfere with any work that he is able to obtain. (7) Claimant anticipates returning to work for the above employer.

"CONCLUSION. Claimant was sufficiently available for work and actively seeking and unable to obtain suitable work to be eligible for benefits for the weeks in issue. To meet this requirement of law, an individual must be a bona fide member of the labor force seeking all suitable work. Claimant was a bona fide member of the labor force seeking all suitable work during the weeks in issue."

This case would be factually on all fours with *Evjen* except that the claimant conceded that he was not actively calling upon various potential employers in an attempt to get employment. The Employment Appeals Board reversed on this ground. Absent an explanation of this fact, the Employment Appeals Board action would have been correct. *See, Brown* and *Bird*. However, here it is agreed that the claimant was told by a representative of the Employment Division that there was no point in seeking work in the general area in which he lived because no employment in his field was currently available and he might as well wait until he was called back by his previous employer.

Claimant argues that under *Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 493 P2d 1372 (1972), the Employment Division should be estopped from asserting the job contact requirements of ORS 657.155 and the Division argues that estoppel is not applicable here.

■ We do not reach the question of estoppel. Claimant's uncontradicted testimony is wholly consistent with the referee's finding that claimant would take any reasonable job at any reasonable place and drop school if necessary. Once it was established that he was told by the Employment Division that there was no purpose in "knocking on doors," there was nothing left in the record which could be a basis for arriving at a different result on the issue of credibility. Thus as in *Evjen* on the record here we find as a matter of law that the referee's decision was correct.

Reversed.