Argued July 23, affirmed August 25, 1975

BIRD, *Petitioner, v.* EMPLOYMENT DIVISION,
*Respondent.*

539 P2d 668

*Robert L. Ackerman,* Springfield, argued the cause for petitioner. With him on the brief were Babcock, Ackerman & Hanlon, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM.

In this unemployment compensation case the referee found:

"FINDINGS OF FACT: (1) Claimant worked for the employer from June 10, 1974 until November 1, 1974, as a laborer. He worked a rotating shift, eight hours per day, five days per week. He

was laid off on November 1, 1974, due to a seasonal downturn in business. (2) Claimant enrolled at Lane Community College on January 7, 1975. He is currently taking 12 credit hours and attends classes on Tuesdays and Thursdays between the hours of 8:30 a.m. and 8.30 p.m. (3) Claimant is receiving $321.00 per month in benefits under his G.I. Bill for each month that he attends school. Claimant's wife is self-employed. (4) Hours usual to the occupation of laborer includes work during the time that claimant attends class.

"CONCLUSION AND REASONS: Claimant was not sufficiently available for work and actively seeking and unable to obtain suitable work to be eligible for benefits during the weeks in issue. Claimant's school attendance materially reduced his willingness and opportunity to obtain work during the period in question. The eligibility for unemployment insurance benefits of a person enrolled in an educational program is determined on a case by case basis. However, regular attendance at school, in itself, infers ineligibility. Because claimant has a substantial financial interest in continuing his education, he has not overcome the inference of ineligibility. School attendance under these circumstances constitutes a material restriction. Claimant is not, therefore, eligible for benefits during the period in question under ORS 657.155.

"DECISION: The referee affirms the administrator's decision  *  *  *."

The Employment Appeals Board affirmed the referee. We find no error. *See, Brown v. Employment Division,* 22 Or App 382, 539 P2d 666 (1975).

Affirmed.