Argued May 26, affirmed June 14, reconsideration denied July 21, petition for review denied September 1, 1976

ELLIS, *Petitioner,*

*v.*

EMPLOYMENT DIVISION, *Respondent.*

(CA 5839)

550 P2d 1240

*Robert S. Gardner,* Corvallis, argued the cause for petitioner. With him on the brief were Ringo, Walton & Eves, Corvallis.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

This appeal again presents the issue of the eligibility of a college student to receive unemployment benefits.

Claimant appeals from a decision of the Employment Appeals Board (EAB), which reversed the referee's decision that had allowed him benefits.

The essential facts are as follows:

Claimant has lived in Corvallis since 1963, except for a year and a half spent working in California at Stanford Research Institute as a computer programmer. He resigned his position in California in 1970 and returned to Corvallis. Later he enrolled at Oregon State University (OSU), where he subsequently obtained his BA degree.

In September 1974 claimant was hired at OSU as a research assistant for a nine-months' research project. In March 1975, while petitioner was still employed on this project, he applied for admission to Willamette University College of Law in Salem. On June 30, 1975, claimant's research job ended as scheduled.

On July 2 claimant filed his initial claim for unemployment benefits.[1]

It was not until mid-July that claimant was notified that he would be admitted to the law school. He commenced attending classes August 22, 1975.

Claimant testified that he entered law school (a) because he could not find a suitable job and (b) to obtain additional background and training while he was looking for a job; that education was secondary to employment; that if suitable work had been offered he would have been willing to discontinue his law school education if necessary; that during the weeks in issue claimant searched for employment as a computer pro-

---

[1]The weeks involved in claimant's claim are September 21 through December 13, 1975.

grammer and as a research assistant. Claimant also testified that although he was enrolled as a full-time student, he chose to attend classes only about one day each week because he found he learned more studying at home by himself. The referee ruled that claimant was eligible for benefits.

The controlling statute is ORS 657.155(1)(c), which provides:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:

"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. No individual participating in a community work and training program, as defined in ORS 411.855, shall, solely by reason thereof, be deemed unavailable for work within the meaning of this section."

As noted earlier this court has dealt with the eligibility of college students to receive unemployment compensation on several previous occasions.

In *Callaghan v. Morgan,* 9 Or App 116, 496 P2d 55 (1972), we held that where the student claimant did not unequivocally testify that he was ready to drop school in order to accept any suitable work, but who, on the contrary, testified that he would be willing to give up school for a "good job," and that he would accept employment during any hours except hours during which he was going to school, he did not meet the burden of showing that he was available for work.

In *Minniti v. Employment Division,* 21 Or App 356, 535 P2d 99 (1975),[2] we stated that a heavy burden was imposed on a full-time college student to prove that he is "available for work," and that the evidence introduced by the claimant failed to meet that burden.

[2]This case was before this court on two occasions. *See, Minniti v. Employment Division,* 18 Or App 44, 523 P2d 1060 (1974).

In *Evjen v. Employment Division,* 22 Or App 372, 373-74, 539 P2d 662 (1975), on which claimant strongly relies, claimant had commenced working for his employer in May of 1971. In 1974 he enrolled at Chemeketa Community College but continued to work full-time while attending college. On December 8, 1974, he became unemployed and was out of work until January 18, 1975, due to a general layoff. The evidence established that claimant had regularly attended Chemeketa Community College since the summer of 1974 and had regularly traded shifts when necessary to facilitate school attendance; that he had occasionally missed classes on account of his work schedule, but had never missed work on account of his class schedule.

In reversing EAB˙ and allowing benefits we said that student status is some evidence that an unemployment compensation claimant is not "available for work"; in some rare instances the same can be overcome by contrary evidence as a matter of law. *Accord: Henderson v. Employment Div.,* 22 Or App 378, 539 P2d 665 (1975). In *Brown v. Employment Division,* 22 Or App 382, 539 P2d 666 (1975), and *Bird v. Employment Division,* 22 Or App 385, 539 P2d 668 (1975), applying the same rule we reached the opposite result, affirming EAB decisions holding that the student claimant was not sufficiently available for work and actively seeking suitable employment to be eligible for benefits.

We find the facts in the case at bar to be distinguishable from those in both *Evjen* and *Henderson.* The facts at bar more nearly resemble those in *Brown* and *Bird,* in each of which we upheld EAB's decision that claimant was ineligible for benefits.

In the present case, for example, unlike in *Evjen,* claimant was not working and going to college simultaneously at the time he was laid off. Here claimant applied to enter law school nearly four months before his job ended, thus showing his state of mind on that

date and manifesting his intention to become a full-time law student. Secondly, while claimant searched for work after the OSU project closed, the evidence showed that he had taken no civil service examinations and had limited his search for employment to that of a computer programmer or research assistant in the Corvallis area, either for OSU or a governmental agency. He had not sought employment as a programmer or researcher in private industry. On cross-examination the Employment Division's representative questioned claimant concerning the fact that the open lists for state civil service positions included positions for programmer, senior programmer and programmer analyst, thus indicating that these positions were "open for getting on the State civil service lists at the present time." Claimant did not challenge this.

■ We believe that the evidence of (a) claimant's March law school application, together with (b) his limited search for work, overcomes the referee's finding that he believed claimant and was satisfied that he was primarily a workman and secondarily a student. We conclude, as in *Minniti, Callaghan, Brown* and *Bird* that claimant has failed to meet his burden of showing that he was sufficiently available for work and was making an active, full-scale search for work. There is substantial evidence to support EAB's findings that claimant was not "available for work" as that term is used in ORS 657.155(1)(c) and had instead become a full-time law student.

■ Claimant assigns as error that the record does not support EAB's Findings of Fact No. 4 and No. 5.[3] The state concedes that the record does not support Finding of Fact No. 4. However, we agree with the state that

[3]"FINDINGS OF FACT: * * * (4) Prior to his employment by this employer he left the job at the Stanford Research Institute in California in order to attend school at Oregon State University. (5) During the period of time in issue the claimant has sought work as a computer programer or research assistant but only through on-campus employment possibilities or educationally related circumstances."

this finding does not affect the issue of claimant's status in 1975.

■ Lastly, contrary to claimant's contention, the record does support Finding of Fact No. 5.

Affirmed.