PETRO, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 77-AB 639, CA 8653)
573 P2d 1250

Walter T. Aho, Molalla, argued the cause and filed the brief for petitioner.

Al J. Laue, Solicitor General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Alvin Alexanderson, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Claimant appeals from an order of the Employment Appeals Board (EAB) denying him unemployment compensation. The issue presented by this appeal is the effect of regular school attendance upon eligibility for unemployment compensation.

Claimant was employed as a sheet metal worker with one employer from September 1, 1974. Claimant has been attending college since September 1974. Between 1974 and 1976 this attendance was at night and did not affect claimant's ability to work days full-time. In 1976, claimant enrolled as a daytime student at Reed College. Claimant and his employer worked out a plan whereby claimant could continue to work while attending school. Claimant worked part-time during school semesters, generally on the night shift, and full-time during semester breaks. He was also called to fill in for his employer when needed for rush jobs. During semesters, claimant worked an average of more than 20 hours per week under this arrangement.

Claimant was laid off from work in January 1977, but has continued as a student at college. He testified at the hearing held on his claim that he was willing to work any hours and that he was willing to take any employment offered him. Claimant stated that any conflicts between potential employment and his schooling would be settled in favor of the employment. He indicated that in the past he had missed classes in order to go to work, but had never missed work in order to go to school. Claimant also stated that his search for employment had included five or six contacts each week and that he told all potential employers that he was available for work at any time.

The hearing referee denied the claimant unemployment compensation because he was not available for work as required by ORS 657.155. The EAB affirmed the referee's decision.

ORS 657.155(1)(c) provides that an unemployed individual shall be eligible to receive benefits if, among other qualifications:

> "He is able to work, is available for work, and is actively seeking and unable to obtain suitable work * * *."

The central issue involved in the student-claimant unemployment cases which this court has decided has been whether the claimant is available for work.

In the first such case we decided, *Callaghan v. Morgan,* 9 Or App 116, 120, 496 P2d 55 (1972), we held that student claimants seeking unemployment compensation benefits have a "heavy burden" to overcome in that regular attendance at school "is in itself evidence of ineligibility." In *Minniti v. Employment Division,* 18 Or App 44, 523 P2d 1060 (1974) *(Minniti I),* we noted that though the student-claimant's burden was a heavy one, it was not so heavy that it could not be overcome in a given case. Though we did not specify in *Minniti I* what might meet the burden, we implied that the unequivocal, uncontradicted, consistent testimony of the claimant that he placed work first and school second, and that he would resolve all conflicts in favor of work, might be sufficient to meet the burden.

In *Minniti v. Employment Division,* 21 Or App 356, 358, 535 P2d 99 (1975) *(Minniti II),* we held that a claimant must indicate "a willingness * * * to forego educational opportunities *together with* additional facts demonstrating that his education is 'secondary' to employment." (Emphasis in original.) We noted that "we did not, however, by our former opinion * * * decide that an unequivocal statement of an intent to compromise one's educational interests in order to obtain employment would—in and of itself—be sufficient to overcome the burden imposed upon a student seeking unemployment benefits." 21 Or App at 358-59. We then held that a determination of availability for employment must be made on a case-by-case basis within the context of the factual situation presented by each case.

The next four cases concerning student claimants were all decided at the same time. *Bird v. Employment Division,* 22 Or App 385, 539 P2d 668 (1975); *Brown v. Employment Division,* 22 Or App 382, 539 P2d 666 (1975); *Henderson v. Employment Division,* 22 Or App 378, 539 P2d 665 (1975); *Evjen v. Employment Division,* 22 Or App 372, 539 P2d 662 (1975). In *Evjen* we first noted that whether the inference of unavailability raised by attendance at school had been overcome was ordinarily a question for the trier of fact, except if the evidence was of such character that only one reasonable deduction could be made therefrom. We held that:

> "* * * This is such a case. The only evidence presented at the hearing was claimant's testimony. Nothing in his testimony was in any way inconsistent with his statement that work came first. The referee found him credible. The Employment Appeals Board, in a review of the record only, had no basis for arriving at a different result on the issue of credibility. On the record here we find as a matter of law that the referee's decision was correct." 22 Or App at 377.

In *Henderson* we followed *Evjen* in holding that the Board had no basis for rejecting the referee's finding that the claimant's testimony that he would take "any reasonable job at any reasonable place and drop school if necessary" was credible. 22 Or App at 381. In *Brown* and *Bird,* the referees ruled against the claimants and the Board affirmed. We affirmed and stated that "we assume that in so doing [the Board] gave weight, as is appropriate, to the referee's finding as to claimant's credibility. *See Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971)." 22 Or App at 384. Finally, in *Ellis v. Employment Div.,* 25 Or App 719, 550 P2d 1240, *rev den* (1976), we noted that the award of compensation to student claimants would occur only in "rare instances." 25 Or App at 723.

■■ There are several consistent themes which emerge from the above cases. The first is that a claimant's

regular attendance at school *may* give rise to an inference of unavailability.[1] While some of our opinions have suggested that a student status gives rise to a "strong" inference or a presumption, *see Callaghan*— a suggestion which the Board has followed, *see Evjen* —we now specifically disapprove of such language. The inference which the fact finder *may* draw and the weight he accords it must be determined in the context of each case. *See Judson v. Bee Hive Auto Service Co.,* 136 Or 1, 294 P 588, 297 P 1050, 74 ALR 944 (1931).

■■ The second theme is that in light of this inference which the referee may draw, a claimant may bear a "heavy burden" in proving his availability for work. For example, if a claimant with ample money in the bank were in his last term of medical school, it would probably prove a heavy burden for him to convince a trier of fact that he was available for work as a taxi driver to the extent that he would drop out of medical school if offered such work. This is not to say that we have judicially imposed a higher standard of proof on student claimants; this is only to say that in light of regular attendance at school involving substantial periods of time, a claimant may have a much more difficult time convincing the referee that he is available for work. As we noted in *Minniti II,* each case must turn on its own facts, and the burden which a claimant bears depends upon the facts in his case. Several of our opinions (*Minniti II, Ellis*) have suggested that the claimant's unequivocal, uncontradicted testimony must be supported by other evidence for the claimant to meet his burden and prevail. We now also reject such language, because it appears to be contrary to ORS 41.260 which provides that "[t]he direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact * * *."

---

[1] ORS 41.320 defines an inference as:

"* * * [A] deduction which the reason of the [fact finder] makes from the facts proved, without an express direction of law to that effect."

■  The third theme present in our cases is that the credibility of the student claimant is often the determinative factor in deciding availability for work. This was recognized explicitly in *Evjen* and its companion cases. Since the availability of a claimant for employment involves a claimant's mental state or his desire to obtain work, the impression the claimant makes upon the referee may be critical.

■  The fourth theme is that various external factors may be weighed by a referee in judging a claimant's credibility. Some of these factors are a claimant's monetary investment in school, *Brown* and *Bird;* the diligence of claimant's search for work, *Ellis* and *Minniti II;* the claimant's work history during school— whether he consistently placed work above school, *Brown*—and how close the claimant was to finishing his education, *Minniti II.*

■  We believe there is a more consistent method of adjudicating student-claimant cases. First, since credibility is usually of critical importance in such cases, it is necessary in those cases that the referee make an explicit straightforward finding as to the credibility of the claimant, including what evidence he relies on in reaching that finding and the relevance of that evidence. This allows the Board to meaningfully consider the referee's decision on credibility. Determinations of credibility do not serve their intended purpose if they are polite to the point of being ambiguous. Second, even though the Board reviews the decision of the referee de novo on the record, *see Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974), the Board must accord weight to the referee's evaluation of the claimant's credibility. *See Hannan v. Good Samaritan Hosp., supra.* Thus, if the Board chooses to reverse a referee's grant of compensation after the referee had found the claimant credible it must "precisely state what it found to be the facts and * * * explain why those facts lead it to the decision it makes." *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). *See also McCann v. OLCC,* 27 Or App 487, 556

P2d 973, *rev den* (1976). Only in this manner can meaningful review of the Board's decision be made by this court. Our review of the Board's decision would then be whether there is " 'reliable, probative and subtantial evidence in the whole record' " supporting the Board's decision. *Stevenson v. Morgan, supra* at 430. *See* ORS 183.482(8).

The fact that a claimant attends school will not itself support a conclusion by the trier of fact that the claimant is not available for employment. Some inferences are drawn from fact situations so minimal in their probative value that uncontradicted direct evidence to the contrary is sufficient as a matter of law to overcome the inferences to be drawn from those facts. *See Palmer v. Van Petten Lbr. Co.,* 265 Or 347, 509 P2d 420 (1973); *Judson v. Bee Hive Auto Service Co., supra.* We mentioned above the heavy burden of the financially able medical student in his last term of medical school. An example of the opposite extreme would be a carpenter's taking a one-hour-per-week cabinet-making course at night.

Here the referee made no specific finding as to claimant's credibility. We remand for an order by the referee incorporating the elements discussed above and, if again appealed to the Board, an appropriate order by it.

Reversed and remanded.

**ROBERTS, J.,** dissenting.

This case should be reversed and the Employment Division ordered to pay compensation to claimant for the period in question.

The majority's analysis of our previous cases dealing with student claimants for unemployment compensation is in some respects confusing. I would make it explicit that there is no heavier than normal burden upon a student than on any claimant for unemployment compensation. Language used by the majority

indicates that the burden on different claimants varies according to the facts. There is no sound reason or legislative sanction for imposing differing standards of proof on different groups of claimants for unemployment compensation.

The majority holds that this case must be remanded for an explicit finding on the claimant's credibility. While I agree that in the future such findings by referees should be made I cannot agree to remanding this case. The majority calls upon the referee to enter a finding as to claimant's credibility at a hearing held almost a year ago. The time delay alone makes such a procedure questionable. My major objection to remanding this case is that we will simply be providing the referee a second opportunity to develop an analysis which will support the decision to deny claimant benefits.

After the hearing on the claim the referee entered his decision stating in part:

"CONCLUSION: Claimant was not sufficiently available for work. This is not to say that claimant does not want to be employed. He appeared highly motivated, both to study and to earn a living. It is to say, however, that the high level of proof required in cases such as this has not been met.

"School attendance itself creates a significant inference of unvailability for work. This inference can be overcome by unequivocal testimony that a student will drop school in favor of work and by a showing of additional facts proving that education is secondary to a job. *Minniti v. Employment Division,* 75 Adv Sh 1690, — Or App —, 1975. Claimant has arguably met the first test by his hearing testimony and by his earlier consistent representations to the Division. He has not, however, quite met the second."

This language clearly indicates that the referee made his decision on the basis of the higher level of proof which earlier cases indicated was required of student claimants. The majority is correct that the referee

made no specific finding as to credibility. The suggestion is, however, that the referee found claimant credible but ruled that he could not obtain benefits because he failed to show additional consistent facts. I would rule that as a matter of law claimant was available for work and should be paid unemployment compensation.

I respectfully dissent.