Argued November 18, 1977, reversed and remanded February 7, 1978

DACH, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-AB-907, CA 8879)
574 P2d 684

Joseph G. McKeever, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

No appearance for respondents.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

Claimant appeals from an order of the Employment Appeals Board denying him unemployment compensation. The Board's decision was as follows:

"FINDINGS OF FACT: (1) The claimant was last employed as a quality control assistant by the above employer from June through December 15, 1976 at the closing rate of $5 per hour. (2) During the course of his employment he was attending school majoring in construction technology. (3) At the time of the hearing the claimant had completed 75 credit hours and had three terms remaining to obtain his degree in construction technology. (4) Approximately March 28, 1977, Spring term commenced and the claimant was enrolled for 12 credit hours which required his attendance in class from 6:00 p.m. to 10:30 p.m. on Monday, 6:00 p.m. to 8:30 p.m. on Tuesday, 6:00 p.m. to 7:30 p.m. on Wednesday and 6:00 p.m. to 10:30 p.m. on Thursday. (5) On approximately April 20, 1977, the claimant dropped three credit hours (math class) from 6:00 p.m. to 8:30 p.m. on Tuesday and Thursday reducing his credit hours to 9. (6) The claimant is attending school under a grant and receives approximately $312 per term under this grant. (7) He devotes approximately two hours each day studying. (8) The claimant was attending class during the weeks in issue.

"CONCLUSIONS AND REASONS: We agree with the decision of the referee that the claimant was not sufficiently available for work to be eligible for benefits under the provisions of ORS 657.155.

"School attendance creates an inference that an individual is not sufficiently available for work to be eligible for benefits under ORS 657.155. In the case at hand, the claimant is majoring in construction technology and by his own testimony, wishes to obtain a degree in this area because he did not wish to remain in the position of a laborer in the construction industry. He has completed 75 credit hours toward his goal and has only three terms left. Further, he has obtained a grant to assist him in the cost of his education. These factors persuade us that the claimant is primarily a student and only secondarily a bona fide member of the labor force. Therefore, we find that he has not sufficiently established that he is truly

[ 435 ]

available for work but is primarily a student seeking work while attending school.

The Board's conclusion that "school attendance *creates* an inference that an individual is not sufficiently available for work" is inconsistent with our opinion in *Petro v. Employment Division*, 32 Or App 17, 573 P2d 1250 (1978). We stated there that "regular attendance at school *may* give rise to an inference of unavailability." (Emphasis supplied.) The rationale of that decision is that unavailability for work is a question fact, and notwithstanding previous decisions of this court, there is no legal basis for any presumption of unavailability arising out of school attendance. However, by remanding *Petro* and this case, we do not mean to imply under the evidence in either case that claimant was or was not eligible for benefits. We remand to place the case in its proper posture that availability for work is a question to be resolved by the triers of fact, i.e. the referee and the Board. We only review for errors of law and substantial evidence. In that capacity, it is sufficient to say that we do not weigh the evidence. The defect in our pre-*Petro* student-employment decisions was that under the guise of legal presumptions, we in fact were performing the administrative agency's role of weighing the evidence. *Petro* restored the balance contemplated by ORS 183.482.

We are not unmindful in *Petro,* nor are we here, that typically most of the evidence must be derived from the claimant's testimony. Inevitably, a claimant will testify that he is available for work. We pointed out in *Petro* that in spite of claimant's unequivocal assertions, there may be reasons to conclude to the contrary. The referee, who sees and hears the witnesses, may disbelieve testimony based upon personal observation. There may be circumstantial evidence, or as we stated in *Petro,* "external factors," which may either support or detract from claimant's credibility. Such factors may be present here, but we are unable to discern whether the Board's decision rests on the

existence of these factors or on an invalid presumption.

The thrust of *Petro* is that both the referee and the Board should make detailed findings setting forth the reasons for their conclusions. If the referee concludes that a witness is trustworthy or untrustworthy because of his personal observation of the witness, then he should make a straightforward finding stating what his observation was. If either the referee or the Board relies on circumstantial evidence, then it is imperative that their findings not only reflect the evidence relied on, but the inferences drawn therefrom.

Without adequate findings, we are compelled to search the record for evidence and then draw our own inferences. This inevitably involves us in the process of weighing the evidence, a judicial role which the substantial evidence rule does not permit. With adequate findings, we can perform our contemplated role of judicial review by confirming whether the evidence exists and whether the inferences drawn therefrom are reasonable as a matter of law.

Reversed and remanded.