Argued and submitted May 14, reversed and remanded for reconsideration
November 7, 1990

GOOD SAMARITAN HOSPITAL,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Gayle J. Miller,
*Respondents.*

(89-AB-848; CA A61720)

799 P2d 1141

Barrie J. Herbold, Portland, argued the cause for petitioner. With her on the brief were Christine T. Herrick and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Gayle J. Miller.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an Employment Appeals Board order that reversed the referee's decision and allowed unemployment benefits to claimant. We reverse and remand for reconsideration.

The question at the hearing was whether claimant had voluntarily quit work for good cause or was discharged for misconduct. *See* ORS 657.176; OAR 471-30-038. The resolution of the issue depended on the relative credibility of claimant and employer's witness. The referee found employer's evidence "more logical and more consistent" and concluded that claimant had left her job voluntarily and without good cause. Benefits were denied. Claimant appealed to EAB, which concluded that she was discharged due to attendance problems associated with various medical problems and is therefore entitled to benefits. *See* OAR 471-30-138(3).

EAB may, of course, disagree with a decision of the referee. When it does so, however, it must explain its reasons so that, on review, we can determine as to whether EAB's decision is supported by substantial evidence. In this case, EAB made findings significantly different from those of the referee. Many of the findings reflect a different assessment of the credibility of the witnesses. Because the referee had an opportunity to see and hear the witnesses, his determination of credibility is given special weight. *See Lewis v. Employment Division,* 66 Or App 303, 308, 673 P2d 1376 (1984). When EAB chooses not to accept the referee's credibility findings, it must explain why it disagrees and what, if any, weight it gave to the referee's credibility determination. *Dan McCormack Agency v. Employment Division,* 99 Or App 47, 781 P2d 370 (1989); *Lewis v. Employment Division, supra,* 66 Or App at 308. Without such an explanation, we are unacceptably hampered in reviewing the order. *See Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978).

Reversed and remanded for reconsideration.