Submitted on record and briefs November 5, 1999; resubmitted en banc
February 7, affirmed April 25, 2001

RONALD K. DRAVES,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(98-06-29804M; CA A104166)

25 P3d 334

Bob Pangburn filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kelly Knivila, Assistant Attorney General, filed the brief for respondent.

Before Deits, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder,

Wollheim, Kistler, and Brewer, Judges.

PER CURIAM

Armstrong, J., dissenting.

**ARMSTRONG, J.,** dissenting.

I dissent for the reasons stated in my dissent in *Hamel v. Johnson*, 173 Or App 448, 464, 25 P3d 314 (2001) (Armstrong, J., dissenting). Under the proper standard of review, I believe that the trial court erred in upholding the Board's decision to postpone plaintiff's release on parole.

The relevant finding in this case was that plaintiff had been diagnosed with a psychological condition that constitutes "a present severe emotional disturbance" that makes him a "danger to the health or safety of the community." ORS 144.125(3); *Weidner v. Armenakis*, 154 Or App 12, 18-19, 959 P2d 623 (1998), *withdrawn by order* July 13, 1998, *reasoning reaffirmed and readopted in Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev den* 328 Or 40 (1998). When defendant moved to dismiss the writ of habeas corpus, he submitted as support for his motion only a single psychologist's report, dated September 1997, and a Board Action Form, which included a computer printout listing plaintiff's convictions. By doing so, defendant asserted that those two items of evidence were sufficient to allow a reasonable person to find that plaintiff suffered from a severe emotional disturbance that made him a danger to the health or safety of the community. If those two items by themselves were sufficient to allow a reasonable person to make that finding, then it would have been plaintiff's obligation to identify evidence in the record that would undermine the finding. Then, the trial court could have evaluated the sufficiency of those two items in light of the countervailing evidence identified by plaintiff. If, however, those two items were not sufficient in and of themselves, then defendant's motion should have been denied even if plaintiff submitted no countervailing evidence. *See Eckis v. Linn County*, 110 Or App 309, 313, 821 P2d 1127 (1991).

I would conclude that the evidence that defendant identified in support of the motion to dismiss was insufficient to allow a reasonable person to find that plaintiff presently suffered from a severe emotional disturbance such as to constitute a danger to the health or safety of the community. In

addition, the significant countervailing evidence in the psychologist's report itself diminishes the force of the meager evidence in the trial record in favor of present severity.

The 1997 psychological report mentions a prior evaluation that "suggested" the existence of a severe personality disorder, but nothing in the report indicates that that apparent severity was evident in the psychologist's most recent evaluation. Moreover, the prior report was not submitted by defendant in support of the motion to dismiss nor is it described in detail in the 1997 report. In my view, a casual reference to a suggested past diagnosis of a severe personality disorder, coupled with a current diagnosis of a personality disorder of unspecified severity, is insufficient as a matter of law to allow a reasonable person to find that plaintiff is currently afflicted with a *severe* personality disorder. Although it is true that personality disorders are characterized by enduring behavior patterns,[1] there is no indication in the 1997 report or in the Diagnostic and Statistical Manual of Mental Disorders, on which the psychologist relied in making his diagnosis, that the severity of personality disorders is constant over time. *See* American Psychiatric Association *Diagnostic and Statistical Manual of Mental Disorders*, 629-73 (4th ed 1994) (DSM-IV). In fact, the only evidence on that point suggests the opposite. According to the DSM-IV, an antisocial personality disorder, with which plaintiff was diagnosed,

> "may become less evident or remit as the individual grows older, particularly by the fourth decade of life. Although this remission tends to be particularly evident with respect to engaging in criminal behavior, there is likely to be a decrease in the full spectrum of antisocial behaviors and substance use."

DSM-IV at 648. Given that plaintiff is currently in his sixties, the DSM-IV suggests that the improvements in his behavior, including the remission of his substance abuse problems and his commitment to nonviolence, are permanent changes in

---

[1] "A Personality Disorder is an enduring pattern of inner experience and behavior that deviates markedly from the expectations of the individual's culture * * *." Diagnostic and Statistical Manual of Mental Disorders, 630 (4th ed 1994).

his personality rather than a temporary reaction to the structured prison environment, as the majority infers. Thus, while the psychologist's reference to a suggested past diagnosis of a severe disorder may be sufficient to allow a reasonable person to conclude that plaintiff suffered from a severe disorder in the past, the passing reference in the 1997 report to a prior evaluation that suggested a severe personality disorder is insufficient to allow a reasonable person to infer that plaintiff is *presently* afflicted with a severe personality disorder. *Dennis v. Employment Div.*, 302 Or 160, 169, 728 P2d 12 (1986) (holding that the evidence must be sufficient to support the agency's findings of fact and that the agency's inferences from those facts must be reasonable).

However, as previously indicated, our inquiry does not end with an analysis of the evidence in support of the Board's finding. Instead, our reviewing obligation requires us to consider the supporting evidence, which is meager in this case, in light of the countervailing evidence in the record. *Canfield v. Yamhill County*, 142 Or App 12, 15, 920 P2d 558 (1996).[2] As might be expected, the significant countervailing evidence in the psychologist's report further diminishes the force of the slight evidence of present severity. The strongest piece of countervailing evidence is probably the fact that the

---

[2] A habeas corpus court conducting a review of a record for substantial evidence is not to weigh the evidence to determine whether it is persuaded by it. *See Meadows v. Schiedler*, 143 Or App 213, 221 n 6, 924 P2d 314 (1996) (noting that a reviewing court in a habeas corpus case may determine whether the Board's decision rests on legally sufficient evidence but that it must not weigh the evidence). As the relevant cases make clear, weighing evidence is an activity that the factfinder undertakes in determining what evidence it is persuaded by, whereas substantial evidence review is undertaken by reviewing courts to determine whether an agency's conclusions are rational in light of all the evidence presented. *See Tigard Sand and Gravel, Inc. v. Clackamas County*, 151 Or App 16, 18, 949 P2d 1225 (1997), *rev den* 327 Or 83 (1998) (noting that "LUBA does not review local findings *de novo*, nor is it permitted to weigh the evidence independently in conducting its substantial evidence review") (citations and internal quotation marks omitted); *Dach v. Employment Division*, 32 Or App 433, 436, 574 P2d 684 (1978) ("We only review for errors of law and substantial evidence. In that capacity it is sufficient to say that we do not weigh the evidence."); *Christian Retreat Center v. Comm. for Wash. Co.*, 28 Or App 673, 679, 560 P2d 1100, *rev den* (1977) ("Where * * * it is alleged that the findings of the lower tribunal are not supported by substantial evidence, the inquiry * * * is the limited one of whether the record contains evidence which a reasonable mind might accept as adequate to support the findings challenged. Where the record includes conflicting believable evidence, that conflict is to be resolved not by this court but by the lower tribunal which may choose to weigh the evidence as it sees fit.") (citations omitted).

psychologist's report rated plaintiff's overall level of functioning as moderately impaired. That evidence supports the inference that plaintiff is afflicted with an emotional disturbance that presently has a moderate rather than a severe effect on his ability to function.

There is also significant evidence in the report to the effect that plaintiff's behavior has generally improved and that his symptoms have lessened in severity. For instance, the psychologist alluded to plaintiff's lack of discipline problems while in prison and indicated that plaintiff's substance abuse problem was in remission. The report also indicated that plaintiff has a sign up in his cell that says "Drink - Jail" and that he has expressed a commitment to avoid alcohol "at all costs." The report further notes that plaintiff "has begun to take his criminal history seriously and has introduced himself to treatment programs." Finally, the report notes that plaintiff and his wife "modeled violence in the past" but that plaintiff is now committed not to use violence or to yell when dealing with his wife and children. The fact that the psychologist rated plaintiff's overall level of impairment as moderate and noted significant improvements in plaintiff's behavior diminishes the reasonableness of any inference of present severity that could be drawn from the psychologist's casual reference to the suggested past diagnosis of a severe emotional disturbance. Especially in light of the significant countervailing evidence, the reference to the suggested past diagnosis simply cannot support a reasonable inference of current severity. The report's suggestion that plaintiff continues to have an egocentric, antisocial, and distrusting personality is of no help to defendant because it contains no indication of the severity of those problems.

In summary, there is no evidence before us as to the present severity of plaintiff's condition. The only way to sustain the Board's finding would be to hold that present severity could be inferred from past severity. On this record, that inference is not reasonable. Given the lack of evidence that would allow a reasonable person to find that plaintiff *presently* suffers from a *severe* emotional disturbance, I would reverse. Accordingly, I respectfully dissent.