Argued and submitted August 14, reversed in part and affirmed in part September 16,
reconsideration denied December 11, 1987, petition for review denied
February 17, 1988 (305 Or 103)

ALLEN et al,
*Respondents,*

*v.*

CITY OF PORTLAND,
*Petitioner.*

(LUBA No. 86-090; CA A44761)

742 P2d 701

Ruth Spetter, Senior Deputy City Attorney, Portland, argued the cause for petitioner. With her on the briefs was Jeffrey L. Rogers, City Attorney, Portland.

Kirkland T. Roberts, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

The City of Portland seeks review of LUBA's order remanding its decisions to issue a conditional use permit and a Greenway permit to the city's Park Bureau and to the State Department of Transportation. The conditional use permit authorizes a fill approximately 15 feet in width along 2,000 feet of the east bank of the Willamette River. The fill will be the location of an improved Greenway Trail and esplanade. The Greenway permit authorizes the construction of a highway ramp to the Marquam Bridge, together with related highway development, in the Greenway zone. No part of the ramp or other highway development will be on the proposed fill.

Section 33.77.102(A) of the City Code permits changes or intensifications of uses in the Greenway zone if they are "river related recreational uses or directly supportive of those uses." Subsection (4) of that section, however, requires that "[n]on-river dependent or river related recreational uses shall be set back at least 25 feet from the ordinary high water line or top of bank, whichever is higher." Section 33.77.035(A) purports to require an exception to Statewide Planning Goal 15 (Willamette River Greenway) for any "development, change of use or intensification of use" that is not permitted by section 33.77.102 or other city ordinance provisions relating to Greenway development. Although each of the improvements is an intensification of use or a development, the Greenway Trail and the esplanade, which will be placed on the fill, are river related uses; the ramp and the highway development are not. Without the fill, parts of the ramp would come within 25 feet of the top of the river bank. If the fill is added, the top of the bank would be effectively relocated so that no part of the ramp would lie within 25 feet of it. The principal issue is whether LUBA erred by holding that the code requires an exception to Goal 15 *for the fill.*[1]

We must first address two preliminary matters. Respondents move to strike the city's brief, because it does

---

[1] The city's comprehensive plan and land use regulations have been acknowledged. However, the city ordinance purports to require what it calls an exception to the statewide goal under certain circumstances. We need not decide in this case how the exceptions procedure under the code is intended to or could be implemented in the situations where it is applicable, nor must we decide whether the city has authority to adopt an exceptions process which may require review by a state agency.

not contain assignments of error. *See* ORAP 7.19. Subsection (6) of that rule provides that a noncomplying brief *"may* be stricken." (Emphasis supplied.) The issue that the city raises is clearly defined in its opening brief. Its failure to make an assignment of error has not impeded our review. Moreover, the absence of an assignment has not affected respondents' ability to answer the city's contentions. The motion is denied.

■ Respondents also contend that "[t]he city's appeal is moot because LUBA remanded the cause on three independent grounds," and the city has sought judicial review only of the holding that an exception to Goal 15 is necessary.[2] The city need not challenge all of LUBA's adverse rulings as a condition of seeking review of the final order. The city is entitled to seek reversal of the only ruling which it considers to be wrong. The ruling that the city does challenge and those that it does not (and which will apply on remand) are not interrelated in a way that affects what LUBA has directed that the city do on remand. Moreover, the unchallenged rulings are not alternative bases to the challenged one for deciding the same issues in the same way. Whether the ordinance requirement of a Goal 15 exception applies to the proposed fill is properly before us.[3]

■ The parties disagree about whether the ramp and highway development that the city has approved are relevant to whether an exception is required for the fill. The city argues that the fill, as well as the trail and esplanade improvements, are each river-dependent or river-related; that they are, therefore, not subject to the Goal 15 exception requirement; and that the plans concerning them are independent of the ramp project for purposes of determining whether the code's exception requirement applies. The city also argues that the fill and Greenway development could not logically be the subject of an exception to Goal 15, because they are *consistent* with the goal. The city emphasizes that LUBA ordered that "[t]he exception should be taken *for the fill.*" (Emphasis supplied.) The city

---

[2] In addition to holding that a Goal 15 exception is required for the fill, LUBA concluded that the ramp project is not a permitted use in the Greenway zone and is not exempt from Greenway regulation under the City Code and that additional evidence is needed to support certain findings of the city.

[3] Respondents also argue that we may not consider the rulings of LUBA that the city does not challenge. The city does not contend otherwise.

also argues that, if its decision to undertake the fill and the trail and esplanade improvements had been made earlier and independently of its decision concerning the ramp project, there clearly would have been no need for an exception to Goal 15 for the fill; according to the city, the ramp project has no bearing on the applicability of the exception requirement to the fill, notwithstanding that the two were approved simultaneously.

Respondents take the opposite view. They begin by observing:

> "The city's brief invites the Court of Appeals to embark on a hypothetical journey to an unchartered destination. It asks the court to suppose a situation not before LUBA, and to reverse LUBA's decision on the basis of a supposition contrary to fact.

> "* * * [T]he city asks, *what if* there were no freeway ramp, and the fill for which a conditional use was requested were for enhancement of the esplanade alone? Then, supposes the city, *then* there would be no need to take a Goal 15 exception." (Emphasis respondents'.)

They then argue that the ramp project and the fill were authorized simultaneously as part of the same overall project; that, without the fill, parts of the ramp would come within 25 feet of the top of the bank; and that the ramp and the fill must be viewed as a unitary project rather than in the selective way the city perceives them.[4] LUBA agreed with respondents and observed:

> "To adopt the city's position would, in our view, approve otherwise prohibited encroachments into protected areas. In essence, the city is attempting to do indirectly what its ordinance will not permit it to do directly. Without the fill, the roadway would be within the Greenway. Further, the trail and esplanade can be improved without the fill and the companion highway project." (Footnote omitted.)

---

[4] Respondents also argue that the city does not challenge LUBA's finding that the city's decision "implements the 'Ramps Project.'" Respondents suggest that the city's failure to take issue with that finding is fatal to its argument, because the finding establishes as a fact that the city's decisions involved highway development. We do not agree that the finding, in itself, defeats the city's argument. Everyone agrees that the city's decisions pertained to a fill *and* a ramp. The questions are whether and, if so, how the ramp project affects the need for a Goal 15 exception for the fill under section 33.75.035(A).

We agree with the city. LUBA's order requires an exception to be taken only for the fill.[5] Its opinion also states that the trail and esplanade can be undertaken "without the fill and the companion highway project."[6] That statement seems to us to support the city's position more than it refutes it. If the trail and esplanade can be undertaken independently of the "companion highway project," the need for an exception for the fill on which they are to be located can also be decided without reference to the ramp project. The trail, the esplanade and the fill each are river related. Nothing in the City Code requires an exception to Goal 15 for those uses simply because the city has permitted other uses as well. *See* note 5, *supra*.

Reversed on issue of exception to Goal 15; otherwise affirmed.

---

[5] We imply no view as to whether a Goal 15 exception may or must be taken for the ramp development. *See* note 2, *supra*.

[6] It is, of course, equally true that the fill, as well as the trail and esplanade improvements, can be undertaken whether or not there is a ramp project.