Argued and submitted March 13, reversed and remanded in part, otherwise affirmed
April 26, 1989

# OREGON STATE PARKS AND RECREATION,
*Respondent,*

*v.*

# CITY OF PORTLAND,
*Petitioner.*

## (LUBA 88-044; CA A51009)

772 P2d 435

Ruth M. Spetter, Senior Deputy City Attorney, Portland, argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

City of Portland (city) seeks review of LUBA's order remanding its Goal 15 exception and comprehensive plan map amendment. City's decisions permitted an addition to a restaurant deck, including a public observation area with public access, in the Willamette River Greenway setback area. Section 33.77.150(A)(3) of the city code allows an exception to Goal 15 for non-river dependent or related uses in the area if the "use will provide a significant public benefit." *See also* Portland City Code § 33.77.035(A); *Allen v. City of Portland,* 87 Or App 459, 742 P2d 701 (1987), *rev den* 305 Or 103 (1988). LUBA agreed with city's legal interpretation of "significant public benefit" and that city's finding demonstrated that the proposed use will produce such a benefit. However, LUBA sustained respondent's[1] assignment that the finding was not supported by substantial evidence in the whole record. City assigns error to that ruling, and we reverse.

Respondent's substantial evidence argument to LUBA was that it had presented evidence that the proposed restaurant deck was considered "private," that the proposed public viewpoint was only 48 inches wide, that public access would be "hindered by the necessity of having to go through the restaurant premises" and that city

"itself found that the public viewpoint represents only a *small* improvement in the Greenway values of the site. A small improvement does not constitute a significant public benefit." (Emphasis respondent's.)

Respondent then contended:

"[LUBA] must determine whether in light of *all* the evidence in the record, the city's conclusion is reasonable. *Younger v. City of Portland,* 305 Or 346, 360, 752 P2d 262 (1988). Evidence cited above detracts from [city's] evidence, if there is any, so as to render it not substantial." (Emphasis respondent's.)

LUBA sustained the assignment, without deciding its merits fully, on the ground that city's brief did not contain adequate citations to the record to show where the evidence in support of its decision could be found. LUBA explained that,

---

[1] We refer to Oregon State Parks and Recreation as respondent, its designation in this court.

"[w]hen a substantial evidence challenge is made, we rely on respondents[2] to direct our attention to evidence in the record that is sufficient to meet the challenge."[3] Without commenting on the correctness of LUBA's "reliance" formulation when an appellant asserts that there is an *absence* of *supporting* evidence, we do not agree that the party defending a finding has the burden that LUBA would place on it when, as here, the contention is that the *detracting* evidence makes the finding unsupportable in the light of the whole record.

The test that LUBA must apply in response to such a contention must be based on the evidence that supports and that militates against the finding in the whole record. *Younger v. City of Portland,* 305 Or 346, 350-58, 752 P2d 262 (1988). We do not imply that LUBA must search the record, without guidance from the parties. However, we do not agree that the guidance must come from the defending party alone. The normal rule of review is that the appellant must demonstrate where and why the decision that it challenges is erroneous. That rule may be circular when the issue is whether there is any evidence to support a finding, because an appellant who argues that there is a total absence of proof cannot be expected to identify the whereabouts of evidence that it asserts does not exist. However, the rule poses no such problem when the appellant makes a "whole record" challenge to the finding before LUBA. The defending party might sometimes disserve its position on the merits if it points to no concrete evidence in response to such a challenge. However, we do not agree with LUBA that the party is not entitled to have the merits decided.

■     Because LUBA applied an incorrect legal standard in deciding respondent's substantial evidence assignment, a remand for reconsideration of that assignment is necessary. City asks that we go beyond that and reverse LUBA's decision outright and affirm city's. Its somewhat more politely phrased premise is that the specific arguments that respondent made in support of the assignment are nonsensical. City explains that, of the four matters about which respondent contends

---

[2] City was the respondent before LUBA.

[3] At oral argument, city's attorney indicated that LUBA has sometimes asked parties to file supplemental memoranda to cure any insufficiency in the record citations in their briefs. That was not done here.

that it offered countervailing evidence, at least two are undisputed, irrelevant or inaccurately characterized by respondent. According to city, one of the other matters—that a small improvement cannot be "significant"—is an issue of law rather than fact and was decided adversely to respondent by LUBA's ruling on another assignment of error.

■■ We agree with city's last point. However, we cannot address the others. Generally, our review of LUBA's disposition of "whole record" substantial evidence contentions is confined to determining whether "LUBA has properly understood and applied the 'substantial evidence' test of ORS 197.835(8)(a)(C)." *Younger v. City of Portland, supra,* 305 Or at 358; *Cusma v. City of Oregon City,* 92 Or App 1, 757 P2d 433 (1988). There are exceptional circumstances in which we may base a decision on our own assessment, *see Younger v. City of Portland, supra,* 305 Or at 359, but that cannot occur before LUBA has made an initial determination for us to review.[4]

Reversed and remanded for reconsideration of second assignment of error; otherwise affirmed.

---

[4] City also argues that the statutory policy is to promote speed and finality in the disposition of land use cases. *See* ORS 197.805. That policy does not override the legislature's express allocation of authority to LUBA, rather than to us, to conduct direct evidentiary review of local land use decisions. *See* ORS 197.835(8)(a)(C); ORS 197.850(9); *Younger v. City of Portland, supra,* 305 Or at 358.