Argued and submitted November 15, motions to dismiss and to strike denied;
affirmed December 18, 1991

Ralph ECKIS,
Karen Eckis, Frank McCoy, Annie McCoy,
Robert Parrish, Sharon Parrish, Carl S. Yaillen,
Patricia Frederic and Richard Frederic,
*Respondents,*

*v.*

LINN COUNTY,
*Respondent,*

*and*

G & G ROCK QUARRY, INC.,
Merlyn E. Bentley and Helen Bentley,
*Petitioners.*

(90-132; CA A71734)

821 P2d 1127

Steven Schwindt, Canby, argued the cause for petitioners. With him on the brief was Reif & Reif, Canby.

Charles H. Combs, Oregon City, argued the cause for respondents Ralph Eckis, Karen Eckis, Frank McCoy, Annie

McCoy, Robert Parrish, Sharon Parrish, Carl S. Yaillen, Patricia Frederic and Richard Frederic.

No appearance for respondent Linn County.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners seek review of LUBA's remand of a comprehensive plan amendment and conditional use permit granted by Linn County. The county decisions would have allowed petitioners to conduct aggregate extraction and processing operations on a 10-acre site.

■ Petitioners assign 15 errors, but they entail only two issues that warrant discussion. In their first assignment, petitioners assert that LUBA erred by not striking respondents' petition for review. LUBA relied on *Hilliard v. Lane County Commrs.*, 51 Or App 587, 595, 626 P2d 905, *rev den* 291 Or 368 (1981), for the proposition that "LUBA is not to invoke technical rules of pleading." Therefore, it concluded that respondents' failure to set out assignments of error in their petition, as required by OAR 661-10-030(3)(d), "does not warrant striking the petition for review or dismissing the appeal" when the claimed errors are discernible from the petition. We find no error in the way that LUBA interpreted and applied its procedural rule.

By petitioners' characterization, their remaining assignments turn on whether LUBA correctly applied the substantial evidence test. They assert that LUBA "often looked at the record in isolation instead of as a whole" in making determinations that county findings were or were not supported by the evidence. Although petitioners make a number of specific points, their underlying theme — and the only one that we discuss — appears to be that LUBA was required to read the entire record rather than to consider only the evidence cited by the parties as supporting or detracting from the findings.

Under ORS 197.835(7)(a)(C), LUBA's review of local government findings is for support by "substantial evidence in the whole record." In *Younger v. City of Portland*, 305 Or 346, 358, 752 P2d 262 (1988), the court construed that statute to mean that LUBA "must consider all the evidence in the record" to determine whether the evidence supporting a local finding, viewed with "countervailing" evidence, would enable a reasonable factfinder to make the finding. The court rejected the so-called "any evidence" test, under which any

supporting evidence, "viewed in isolation," constitutes substantial evidence. The *Younger* holding also applies by implication to the substantial evidence review provision of the Administrative Procedures Act, and *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988), and *Garcia v. Boise Cascade Corp.*, 309 Or 292, 787 P2d 884 (1990), apply the same rule to our review of findings by the Workers' Compensation Board.

Although there is language in those and related opinions that suggests that substantial evidence review requires the reviewing court or agency to read the entire record, that suggestion is not to be taken literally; rather, the language is meant as a restatement of the holdings that the inquiry is not limited to evidence that supports a finding, but must also take into account contrary evidence that exists elsewhere in the record. However, *Younger, Armstrong, Garcia* and their progeny do not address whether it is the reviewing body or the parties that have the laboring oar in identifying where the evidence is and what it is.

The closest that we have come to addressing that question was in *Oregon State Parks v. City of Portland*, 96 Or App 202, 204-05, 772 P2d 435 (1989), where we said:

> "LUBA sustained the assignment, without deciding its merits fully, on the ground that city's brief did not contain adequate citations to the record to show where the evidence in support of its decision could be found. LUBA explained that '[w]hen a substantial evidence challenge is made, we rely on respondents to direct our attention to evidence in the record that is sufficient to meet the challenge.' Without commenting on the correctness of LUBA's 'reliance' formulation when an appellant asserts that there is an *absence of supporting* evidence, we do not agree that the party defending a finding has the burden that LUBA would place on it when, as here, the contention is that the *detracting* evidence makes the finding unsupportable in the light of the whole record.

> "The test that LUBA must apply in response to such a contention must be based on the evidence that supports and that militates against the finding in the whole record. *Younger v. City of Portland*, 305 Or 346, 350-58, 752 P2d 262 (1988). We do not imply that LUBA must search the record, without guidance from the parties. However, we do not agree

that the guidance must come from the defending party alone. The normal rule of review is that the appellant must demonstrate where and why the decision that it challenges is erroneous. That rule may be circular when the issue is whether there is any evidence to support a finding, because an appellant who argues that there is a total absence of proof cannot be expected to identify the whereabouts of evidence that it asserts does not exist. However, the rule poses no such problem when the appellant makes a 'whole record' challenge to the finding before LUBA. The defending party might sometimes disserve its position on the merits if it points to no concrete evidence in response to such a challenge. However, we do not agree with LUBA that the party is not entitled to have the merits decided." (Emphasis in original; footnotes omitted.)

The import of that statement is that, at least in situations where there is some evidence that supports a finding, it is the parties' burden to attack or defend the finding by identifying the supporting or countervailing evidence on which they rely. We now hold that that is the rule. LUBA is not required to search the record, looking for evidence with which the parties are presumably already familiar. The identification of the evidence is part of advocacy.[1]

Moreover, we noted in *Armstrong v. Asten-Hill Co.*, *supra*, 90 Or App at 206, that review for substantial evidence in the whole record is of a lesser scope than *de novo* review. The rule for which petitioners contend would have the paradoxical effect of requiring a more exhaustive review of the record than occurs in *de novo* review cases, where the facts are retried on appeal only when and to the extent that the parties request. *See Callan v. Confed. of Oreg. Sch. Adm.*, 79 Or App 73, 712 P2d 1252 (1986). We reject petitioners' principal argument.

Petitioners remaining contentions also fail to demonstrate error.

Respondents have moved to dismiss the petition for review and to strike all of petitioners' assignments. The motions are denied.

Motions to dismiss and to strike denied; affirmed.

---

[1] We do not suggest that the reviewing tribunal lacks the authority to examine the record in greater detail than the parties' presentations would require.