Argued and submitted May 18, affirmed on petition and on cross-petition
July 1, 1992

Gerald A. SCHATZ
and Silverwood Investment Group,
*Petitioners - Cross-Respondents,*

*v.*

CITY OF JACKSONVILLE,
*Respondent - Cross-Petitioner.*

(LUBA 91-111; CA A74308)

835 P2d 923

Carlyle F. Stout III, Medford, argued the cause and filed the briefs for petitioners - cross-respondents.

Tonia L. Moro, Medford, argued the cause and filed the brief for respondent - cross-petitioner.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of, and the city of Jacksonville cross-petitions from, LUBA's remand of the city's denial of petitioners' tentative subdivision plat. We affirm.

This is the second time that decisions on the subdivision application have been before LUBA and us. In the earlier appeal, LUBA remanded the city's approval of the tentative plat. *Cecil v. City of Jacksonville*, 19 Or LUBA 446, *aff'd* 104 Or App 526, 800 P2d 1090 (1990), *rev den* 311 Or 166 (1991). The city had concluded that the subdivision proposal complied with applicable provisions of its comprehensive plan and land use regulations. LUBA held that, because the plan and regulations were not acknowledged, *see Collins v. LCDC*, 75 Or App 517, 707 P2d 599 (1985), they were inapplicable to the decision. LUBA remanded for the city to apply Statewide Planning Goal 5 to petitioners' proposal. That simple starting position was complicated by a number of events between the time of LUBA's remand and the time that the city made its decision on remand:

1. The city enacted a moratorium on new construction in areas served by its water facilities.

2. The city convened its hearing on March 5, 1991, but postponed it until May 6, 1991, to enable the parties to prepare for review of the proposal under Goals 1 through 14.

3. Between those two dates, LCDC issued a limited compliance acknowledgment order, finding the city's land use legislation to be in compliance with the statewide planning goals, except the historic resource component of Goal 5.

4. LCDC simultaneously issued an enforcement order, requiring the city to bring its legislation into compliance and providing that, until it does so,

"the City shall apply the ordinance and guidelines listed in Attachments A and B to all land use decisions made by the City after the effective date of this Order, including decisions regarding applications pending on such date whether for initial decision or decision following remand from appeal."[1]

---

[1] Attachments A and B are a historic protection ordinance and historical/architectural guidelines. A precise description of their substance is not necessary to our decision or to the understanding of it.

After conducting its hearing on remand, the city council denied the application on the ground that it does not comply with Goals 5 through 9, 11, 12 and 14. Although it is unclear whether the city's moratorium ordinance was meant at the time to serve as an independent alternative basis for the denial, the city argues to LUBA and to us that it has that effect.

Petitioners appealed to LUBA. It concluded, in response to the parties' arguments, that the city's moratorium ordinance could not serve as the basis for denying subdivision approval; that the city's proceedings on remand were not limited to the Goal 5 issue that LUBA required it to consider in its remand on the first appeal; that, because the city's plan and regulations had become partly acknowledged before it made its decision on remand, the plan and regulations, rather than the goals other than Goal 5, were applicable to its decision; and that LUBA had authority to decide whether and did decide that the city was required to apply LCDC's enforcement order to the proposal and was therefore required to apply attachments A and B rather than Goal 5 independently. LUBA remanded for the city to apply the two attachments and its own plan and regulatory criteria. LUBA noted that, although the city's first decision contained findings that the local criteria were met, "those findings were *not* adopted as part of the [second] decision." (Emphasis in original.)

■ Petitioners now seek review of LUBA's decision on the second appeal. They advance two assignments of error that contain three arguments: LUBA erred in sustaining the city's consideration of issues that were outside the scope of LUBA's first remand and that could have been raised but were not successfully raised in the first appeal; the city's findings of plan and regulatory compliance in its first decision, which were not disturbed on appeal, are the "law of the case"; and that compliance with attachments A and B can be determined as a matter of law and no remand to the city is necessary to consider them. The combined effect of those arguments, petitioners conclude, is that the denial of the application should have been reversed outright rather than remanded.

The first two arguments make related points in two different connections: first, the city should not have been permitted to consider issues other than Goal 5 compliance after the first remand; and, second, plan and regulation compliance was established by the city's first decision, was not successfully challenged in the first appeal and, therefore, should not have been remanded to the city in the second appeal. Both arguments rest on the same misunderstanding.

Petitioners rely, *inter alia*, on *Beck v. City of Tillamook*, 105 Or App 276, 805 P2d 144 (1991), *aff'd in part; rev'd in part* 313 Or 148, 831 P2d 678, *on remand* 113 Or App 660, 833 P2d 1327 (1992),[2] *Mill Creek Glen Protection Assoc. v. Umatilla Co.*, 88 Or App 522, 746 P2d 728 (1987), and *Portland Audubon v. Clackamas County*, 14 Or LUBA 433, *aff'd* 80 Or App 593, 722 P2d 745 (1986), for the proposition that the law of the case doctrine and restrictions against raising issues *seriatim* in successive proceedings on the same application are applicable to local decisions after a remand from LUBA or the appellate courts. However, those cases are concerned in the main with the application of those principles in the *review* of land use decisions by LUBA and the courts. LUBA held that the principles do not apply to local proceedings that follow a remand. It said, relying on its decision in *Eckis v. Linn County*, ___ Or LUBA ___ (LUBA No. 90-132, September 11, 1991), *aff'd* 110 Or App 309, 821 P2d 1127 (1991), that a local government is not precluded from adopting "a different decision, or different findings in support of its decision," after an initial decision has been remanded.

After LUBA rendered its decision, the Supreme Court said in *Beck v. City of Tillamook, supra*:

"ORS 197.763(7) provides:

" 'When a local governing body, planning commission, hearings body or hearings officer reopens a record to admit new evidence or testimony, any person may raise new issues which relate to the new evidence, testimony or criteria for decision-making which apply to the matter at issue.'

"In other words, when the record is reopened, parties may raise new, unresolved issues that relate to new evidence. The

---

[2] The Supreme Court decision was after petitioners filed their brief here.

logical corollary is that parties may not raise old, resolved issues again. When the record is reopened at LUBA's direction on remand, the 'new issues' by definition include the remanded issues, but not the issues that LUBA affirmed or reversed on their merits, which are old, resolved issues." 313 Or at 153. (Footnote omitted.)

However, another logical corollary is that issues may be considered on remand that were not or could not have been dispositively resolved on their merits in the appeal that resulted in the remand. The rationale of LUBA's decision in *Cecil v. City of Jacksonville, supra*, is that the city's plan and regulations were inapplicable, because they were not acknowledged. Given that conclusion, the merits of the city's initial decision that the subdivision proposal complies with the local legislation could not properly have been before LUBA in the first appeal. It follows that the issue of the proposal's compliance with the plan and regulations could have been but was not reconsidered by the city on the first remand. Given the effect of LCDC's limited acknowledgment order, making the local legislation rather than the goals with which it complies the applicable approval standards, LUBA was correct in holding that the city erred by applying the goals on the first remand and by directing it, on the second, to apply its comprehensive plan and land use regulations.

For similar reasons, the city was not restricted by the first LUBA remand to the Goal 5 issue that LUBA required it to consider. In the first place, the events after LUBA's decision — LCDC's orders in particular — largely displaced LUBA's disposition. They made attachments A and B the criteria for determining Goal 5 compliance, and they removed the predicate for LUBA's holding that the other goals, rather than the city's plan and regulations, were applicable. Moreover, petitioners' view that a remand by LUBA necessarily defines and limits the scope of a local government's inquiry in its subsequent proceedings misapprehends the relationship of the bodies and their functions. LUBA may *require* local governments to resolve certain questions before making a new decision; generally speaking, however, it cannot *prevent* them from considering other questions. The relationship is not like that of appellate and trial courts, where decisions are made within a single system that has defined and comparatively rigid preservation and procedural constraints.

Conversely, LUBA's remand of a decision simply tells the locality that the basis for the decision is not affirmable; it does not necessarily connote that alternative bases cannot exist and cannot be considered. As the Supreme Court's decision in *Beck v. City of Tillamook, supra,* indicates, there are some statutory restraints on what a local government may consider on remand, but there is nothing inherent in LUBA's instructions that augments the statutory limitations. Nothing to which petitioners point demonstrates to us that the issues that they did not want considered or reconsidered on either remand fall within those limitations.[3]

■    Accordingly, we reject petitioners' first two arguments. Their third requires little discussion. Its premise is that LUBA and this court can determine as a matter of law that attachments A and B do not restrict the approval of the subdivision; therefore, no remand to the city is necessary, because its application of the attachments could only result in a foregone conclusion. Without commenting on the substantive aspects of that argument, we conclude that it misses the point. LCDC directed the city to apply the attachments. It was required to do that and did not. LUBA and we review land use decisions; we do not make them. The city has yet to make a decision under the approval standards that LCDC has mandated.

We turn to the city's cross-petition. It first argues that LUBA erred by holding that the moratorium ordinance did not furnish a basis for denying the application. The city presents an ornate argument, but we agree with LUBA's simple answer: The ordinance *says* nothing that bears on the approval of the tentative subdivision plat.

■    In its second assignment, the city contends that, because the limited acknowledgment order was issued after the proceedings on remand had begun, it was inapplicable to them; therefore, LUBA erred by holding that the city's legislation, instead of the statewide goals, contained the applicable approval standards. The city relies by analogy on ORS 227.178(3), under which, if certain prerequisites are met, the

---

[3] Nothing in this discussion relates to situations when LUBA reverses a local decision outright. The question with which we are concerned pertains to the limitations on a local government's consideration when LUBA remands for further proceedings.

approval or denial of an application "shall be based upon the standards and criteria that were applicable at the time the application was first submitted." One of the prerequisites in the statute is that the city have an acknowledged comprehensive plan and land use regulations. The city's plan and regulations were not acknowledged when the proceedings began.

The limited acknowledgment order made the goals with which the city was in compliance inapplicable *per se* to the decision. *See, e.g., Foland v. Jackson County*, 311 Or 167, 807 P2d 801 (1991). The city argues, however, that "[i]t would be prejudiced if it were required * * * to apply the LCDC orders." How the *city* could be prejudiced by that requirement — or by anything else in connection with its land use decision — is far from clear to us. However, the city's point seems to be that it was required to switch gears concerning the applicable approval criteria in the middle of the hearing process. The point is not an imposing one. The LCDC orders were issued one and one-half months before the date on which the city had scheduled its final hearing. Moreover, it had already applied the plan and regulations that the limited acknowledgment made germane to the subdivision proposal in its original decision approving the application. We find no possible prejudice. *See Gordon v. Clackamas County*, 13 Or LUBA 46, *aff'd* 73 Or App 16, 698 P2d 49 (1985).

■ In its remaining assignment, the city argues, first, that LUBA had no authority to decide whether LCDC's orders were applicable to the decision. The city asserts that ORS 197.335(5), authorizing LCDC to initiate circuit court proceedings to compel compliance with its enforcement orders, along with direct review of LCDC's orders by this court, provide the exclusive occasions for judicial examination of the validity of an order. Therefore, the city concludes, "LUBA does not have authority to enforce an LCDC order."

LUBA rejected that argument and concluded that its ruling with respect to the orders was that they were applicable to the decision and that that was an exercise of its responsibility under ORS 197.835(7)(a)(D) to determine what the applicable law is and whether it has been improperly applied. LUBA is correct.

■ The city also argues that LUBA should not have given effect to the limited acknowledgment or the enforcement orders, because the city maintains that the acknowledgment order was invalidly promulgated and the enforcement order contravenes the requirements of ORS 197.320 and is also invalid. There *is* an exclusive remedy that applies to those contentions, which the city pursued unsuccessfully. It sought our review of both the limited acknowledgment and the enforcement orders (A71543, A71544). We dismissed the petitions by order, as untimely, and the Supreme Court denied review. Petitioners may not collaterally attack those orders here.

Affirmed on petition and on cross-petition.