Argued and submitted February 12, affirmed March 31, 1993

Hans HENDGEN
and Shauna Hendgen,
*Petitioners,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

(92-038; CA A78110)

849 P2d 1135

John W. Shonkwiler, Tigard, argued the cause and filed the brief for petitioners.

Gloria Gardiner, Assistant County Counsel, Oregon City, argued the cause for respondent. With her on the brief was Clackamas County Counsel, Oregon City.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

In *Hendgen v. Clackamas County*, 115 Or App 117, 836 P2d 1369 (1992), we reversed and remanded LUBA's decision affirming Clackamas County's denial, *inter alia*, of petitioners' request for a determination that they had a nonconforming use in an exclusive farm use zone. In our earlier opinion, we disagreed with the tests that LUBA applied in determining whether the putative nonconforming use had been established and whether any nonconforming use that may have existed had been abandoned. On remand, LUBA remanded to the county to make new findings relevant to the existence of a continuing nonconforming use under the standard articulated in our opinion.

■ Petitioners now seek our review of LUBA's decision after our remand. We write to address two of their contentions, in the interest of avoiding any misunderstanding of our earlier decision. First, petitioners maintain that we held in our first review that the "use was a valid nonconforming use." Therefore, they reason, it was error for LUBA to remand to the county to re-decide that question. Petitioners are mistaken in their understanding of what we held. We concluded that the legal *test* that the county and LUBA applied in determining whether a nonconforming use existed was too restrictive; we did not—and could not—resolve the factual question of whether the nonconforming use *does* exist.[1]

■ Second, petitioners contend that LUBA failed to follow our instructions on remand, in that it did not address three of their assignments that petitioners understood us to have required LUBA to decide. Petitioners rely on the statement in our first opinion:

"Petitioners made three assignments to LUBA besides the ones that we have discussed: that there was no substantial evidence supporting the county's finding that the exact nature of the use in effect at the time of zoning was unknown; that the county erred in finding that some of the activities that were conducted after the restrictions were

---

[1] Petitioners appear to make the same error in reading other parts of our opinion. For example, they apparently understand our discussion of the abandonment issue as a holding on the ultimate factual question, when it says instead that we reject the legal standards that led LUBA to affirm the county's finding.

enacted were outside the scope of the original nonconforming use and had not been authorized by other means; and that it erred in concluding that petitioners were not entitled to a change of the use. Given the grounds for its holding, LUBA concluded that the first of those assignments was nondispositive and that the other two did not require decision. The three assignments assume greater significance in the light of our disposition of the others." 115 Or App at 121.

Petitioners misread our decision. Our point was that the three issues could not have been of decisive significance given LUBA's original holding that, for reasons independent of them, no nonconforming use could exist. However, if it is ultimately determined that a nonconforming use *could* exist under the legal standard that we articulated in our earlier opinion, the three issues might be revitalized and be relevant to whether the use *does* exist and to whether it may be changed. We did not instruct LUBA to address the three assignments on *this* remand. LUBA was correct in its apparent understanding that the three unaddressed assignments remain hypothetical until the threshold factual question is resolved under the proper legal standard. Like us, LUBA cannot make that factual determination; it may only review the county's findings.[2]

We have noted on several occasions that ORS 197.835(9) does not require LUBA to decide nondispositive, hypothetical, premature or moot issues. *See, e.g., Mason v. Mountain River Estates*, 73 Or App 334, 341, 698 P2d 529, *rev den* 299 Or 314 (1985). If the issues raised by the three assignments remain pertinent after the county's proceedings, petitioners are free to appeal them again. Furthermore, there is nothing to stop the county from reconsidering them in its proceedings. *See Schatz v. City of Jacksonville*, 113 Or App 675, 835 P2d 923 (1992). LUBA's disposition was proper and was consistent with our opinion in *Hendgen v. Clackamas County, supra*.[3]

Affirmed.

---

[2] We do not imply that LUBA could not have addressed the three assignments. We conclude only that we did not require it to address them, nor does any other authority of which we are aware impose that requirement.

[3] We expressly note that petitioners have presented the issues at every level of review and are not precluded from raising them again. *See Beck v. City of Tillamook*, 313 Or 148, 831 P2d 678 (1992).