Argued and submitted January 10, motion to strike denied; on cross-petition, reversed and remanded for reconsideration in part; otherwise affirmed on petition and on cross-petition February 2, 1994

## FRIENDS OF BRYANT WOODS PARK,
League of Women Voters of West Clackamas County, Childs Neighborhood Association, Signe Birge, Robert Ellison, Janice Ellison, Connie Emmons, David George, Janet Holbrook, Richard Lavine, Sherry Patterson and Christine Roth,
*Petitioners - Cross-Respondents,*

*v.*

## CITY OF LAKE OSWEGO,
*Respondent - Cross-Respondent,*

*and*

## RIVERVIEW PARK PARTNERS,
*Respondent - Cross-Petitioner.*

(LUBA 93-108; CA A82060)

868 P2d 24

Robert Liberty argued the cause and filed the briefs for petitioners - cross-respondents.

Jeffrey G. Condit argued the cause and filed the brief for respondent - cross-respondent.

William Cox argued the cause and filed the brief for respondent - cross-petitioner.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DEITS, P. J.

## DEITS, P. J.

Petitioners appealed to LUBA from the City of Lake Oswego's decision approving respondent Riverview Park Partners' (Riverview) application for a 55-lot residential planned unit development. The city granted variances to the cul-de-sac length requirements and wetland development provisions of its zoning legislation in conjunction with its approval of the application. Petitioners assigned error, *inter alia*, to the city's interpretation of a variance standard in its legislation, to the evidentiary support for the city's findings concerning the permissibility of both variances, and to the city's failure to interpret two ordinance provisions that petitioners contended were applicable to the respective variances. LUBA rejected the first argument, but agreed with the others and remanded the decision. Petitioners seek our review of LUBA's rejection of the first argument, and Riverview cross-petitions from LUBA's acceptance of the others. We affirm on the petition and reverse in part on the cross-petition.

■ Petitioners contend that the city's interpretation of its legislation was contrary to the express language and was inconsistent with an earlier city interpretation that it made in acting on a different application. For both reasons, petitioners assert, the interpretation is reversible under *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), and its progeny. LUBA rejected both parts of petitioners' arguments, concluding that the interpretation was not "clearly wrong," *Goose Hollow Foothills League v. City of Portland*, 117 Or App 211, 217, 843 P2d 992 (1992), and that the city's earlier interpretation turned on different facts and cannot be said to "actually [conflict] with its interpretation in this case." We agree with LUBA on both points. Therefore, we do not reach the question of what effect an actual inconsistency in a local government's interpretations of the same legislation on different occasions might have on the appropriate disposition by LUBA and us in reviewing a local interpretation and decision.

■ Riverview's first two assignments challenge LUBA's holdings that the city's findings regarding the permissibility of the variances were unsupported by substantial evidence in the whole record. LUBA relied on *Eckis v. Linn County*, 110 Or App 309, 313, 821 P2d 1127 (1991), where we said:

"[W]here there is some evidence that supports a finding, it is the parties' burden to attack or defend the finding by identifying the supporting or countervailing evidence on which they rely. * * * LUBA is not required to search the record, looking for evidence with which the parties are presumably already familiar. The identification of the evidence is part of advocacy." (Footnote omitted.)

In contrast to what occurred in *Eckis*, here, the city or Riverview did identify parts of the record that they contended provided evidentiary support for the pertinent findings. Nonetheless, LUBA refused to review the identified portions of the record because, according to LUBA, the portions of the record that were identified were so extensive and unparticularized that they did not satisfy the quoted requirement of *Eckis*.

Riverview contends that its identification of evidence was reasonable under the circumstances, given the length of the whole record and of the portions that it deemed relevant. We agree with Riverview. We do not imply that the parties may evade the responsibility that *Eckis* describes by effectively saying that the evidence on which they rely can be found "somewhere in the record." However, evidence supporting or detracting from a finding sometimes appears and recurs in extensive or widely separated parts of the record and, when that is the case, a party may make a corresponding identification of where the evidence is to be found.

Admittedly, the line is necessarily less than bright, and whether a party has sufficiently identified the evidence to satisfy *Eckis* will depend on the facts of particular cases. The variables include the length of the record, the amount of supporting and contrary evidence that the record contains relating to the finding in question and the manner and sequence in which the evidence was presented in the local proceedings. We note that *Eckis* states a rule of procedure, but it does not change the nature of LUBA's task in dealing with substantial evidence issues, *i.e.*, to determine whether the evidence in the *whole* record would allow a reasonable factfinder to make the challenged finding. ORS 197.835(7)(a)(C); *Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988).

Here, although Riverview's references to the record were somewhat broad and lengthy, in view of the length of the

record, the manner in which evidence was presented and the particular issues to which the question of evidentiary support is pertinent, we believe that the reference to the record was adequate and that LUBA was required to consider the evidence in those portions of the record relied on, rather than refusing to look at those portions of the record. We conclude that, under the circumstances of this case, a remand to LUBA is necessary to reconsider the substantial evidence arguments under the two assignments of error.

Relatedly, Riverview has filed material with this court that was not part of the record before LUBA and that it contends further demonstrates that there is support in the whole record for the findings. Petitioners have filed papers opposing any amendment to the record and moving to strike the portions of Riverview's brief that replicate or rely on the extra-record material. We have not considered that material, and the arguments citing it are not of decisive significance given the grounds for our disposition. It is unnecessary to formally strike any portion of the brief. We note that it is LUBA's decision, initially, whether to allow the material in question to be included in the record before it on remand. The parties' arguments to us in that regard are misplaced.

Riverview makes two further assignments in its cross-petition, both of which are answered adversely by *Gage v. City of Portland*, 123 Or App 269, 860 P2d 282, *on recon* 125 Or App 119, 866 P2d 466 (1993), and *Weeks v. City of Tillamook*, 117 Or App 449, 844 P2d 914 (1992). Riverview's efforts to distinguish those cases are not persuasive.

Motion to strike denied; on cross-petition, reversed and remanded for reconsideration of second and fourth assignments of error in LUBA proceeding; otherwise affirmed on petition and on cross-petition.