Submitted on record and briefs January 10, affirmed March 2, petition for review denied May 31, 1994 (319 Or 150)

Alvin ALEXANDERSON,
*Petitioner,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

(LUBA 93-115; CA A82166)

869 P2d 873

Alvin Alexanderson, *pro se*, filed the briefs for petitioner.

Michael E. Judd, Chief Assistant County Counsel, and Clackamas County Counsel, filed the brief for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

Petitioner seeks review of LUBA's decision affirming Clackamas County's denial of his application to divide a 17-acre parcel in a resource zone. The denial was based on the county hearings officer's interpretation that the applicable zoning ordinance provision required consideration of the general unsuitability for farm or forest production of the entire parcel rather than only of the two acres proposed for partition. Petitioner argues that the county has interpreted the ordinance in the opposite way on 13 previous occasions[1] and that the present interpretation is, therefore, impermissible. LUBA rejected the argument. Petitioner contends that it erred by doing so.

The county argues that each of the 13 contrary interpretations to which petitioner points was made by a county planning department staff person, not a hearings officer, and that the staff decisions were appealable to a county hearings officer. It notes that this case is the only instance identified in the record in which the final interpretation of the relevant provision was made at the hearings officer level. The county asserts that the interpretations by the department staff in earlier cases are not binding on a hearings officer.

Petitioner does not dispute that the planning department decisions can be appealed to a hearings officer, nor does he contend that any hearings officer has previously construed the relevant local legislation at all, let alone differently from the way in which the hearings officer construed it here.[2] He argues that those facts are immaterial, however, because the level at which the decision is made makes no difference. According to petitioner, the county has established a system under which staff decisions are final if they are not appealed

---

[1] For purposes of this opinion, we accept that premise.

[2] Petitioner asserts that the 13 decisions by the planning department are the only ones disclosed in the record in which the relevant provision was applied to analogous facts, and that no other applications comparable to his have been denied. The county apparently does not agree that there have not been interpretations other than the one in this case and the 13 by the department staff that appear in the record. It indicates that other interpretations may exist that are *consistent* with the one here. As we have stated elsewhere in this opinion, however, we accept petitioner's premises for purposes of our discussion of his arguments.

to the next level. He concludes that the county has an overall duty to apply its legislation consistently and that it cannot avoid that responsibility by allowing decision makers at different levels — any of whose decisions could finally dispose of particular cases — to act inconsistently.

Petitioner is correct that the county's decisional scheme, like that of many local governments, allows final decisions to be made at different levels, depending on whether the parties choose to pursue appeals to the next level. However, that does not alter the fact that, at least in the absence of any indication that the different interpretations are the product of a design to act arbitrarily or inconsistently from case to case, a higher tribunal is not bound to follow the interpretations of a lower one. Although petitioner points to other "inconsistency" problems to which the county's decisional framework *might* give rise, *e.g.*, different interpretations by different hearings officers, that is not the situation before us, and we need not address those questions here.

What we have said presupposes, without implying agreement or disagreement, that petitioner is correct in his premise that inconsistent interpretations by a local decision maker might, under some circumstances, be a basis for a reversal of the local decisions. As in *Friends of Bryant Woods Park v. City of Lake Oswego*, 126 Or App 205, 868 P2d 24 (1994), we need not reach that question here.

The parties' other arguments do not require discussion.

Affirmed.