Argued and submitted October 28, affirmed December 30, 2020

Valynn CURRIE,
*Petitioner,*

*v.*

DOUGLAS COUNTY
and Bjorn Vian,
*Respondents.*

Land Use Board of Appeals
2020050; A174532

481 P3d 427

Petitioner seeks judicial review of a final opinion and order of the Land Use Board of Appeals (LUBA). Petitioner contends that LUBA erred in concluding that petitioner's argument had been waived or not preserved in earlier stages of the proceeding. Petitioner argues that, as a result, LUBA's opinion and order was unlawful in substance, ORS 197.850(9). *Held*: Petitioner failed to preserve her argument in earlier stages of the proceeding. Therefore, LUBA's opinion was not unlawful in substance, ORS 197.850(9).

Affirmed.

D. Rahn Hostetter argued the cause for petitioner. Also on the brief were Benjamin Boyd and Hostetter Law Group, LLP.

Souvanny Miller argued the cause for respondent Bjorn Vian. Also on the brief was Miller Nash Graham & Dunn LLP.

No appearance for respondent Douglas County.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

Petitioner seeks judicial review of a final opinion and order of the Land Use Board of Appeals (LUBA). In that opinion and order, LUBA rejected some of petitioner's arguments, agreed with others, and remanded the proceeding to Douglas County. Petitioner raises three assignments of error, each essentially contending that LUBA erred in concluding that petitioner's arguments had been waived or not preserved in earlier stages of the proceeding. We reject petitioner's second and third assignments of error without further discussion. For the reasons that follow, we also reject petitioner's first assignment of error. As a result, we affirm.

To frame the procedural issues before us, we examine the arguments that were made and resolved in an earlier LUBA opinion, *Currie v. Douglas County*, 79 Or LUBA 585 (2019) (*Currie I*), the arguments made on remand to Douglas County following that opinion, and the resolution of the arguments made in the second LUBA opinion, *Currie v. Douglas County*, ___ Or LUBA ___ (LUBA No 2020-050, Aug 12, 2020) (*Currie II*), which is the decision presently on review before us. We draw the relevant facts from LUBA's opinions in both cases and discuss petitioner's arguments leading up to and during those stages of the proceeding.

In 2018, intervenor-respondent Bjorn Vian applied to Douglas County for a conditional use permit to reopen and expand a quarry to occupy approximately 73 acres within a 280-acre tract of land in the county. The quarry had operated on a smaller 10 to 15 acre section of the tract in the 1950s. The site of the proposed expanded quarry is zoned "Exclusive Farm Use - Grazing" (FG). It is listed in the Douglas County Aggregate Mineral Resources Inventory and is subject to a mineral resources overlay. There are surrounding uses, including a mix of farm and forest uses, residential uses, and property zoned "Tourist Commercial" (TC), which includes a recreational vehicle park on the tract owned by Vian.

Petitioner and other nearby residents opposed Vian's application for a conditional use permit. Their objections included their concern that a nearby operating quarry

would have a potential negative effect on their property values. They also raised concerns that blasting in proximity to their property would affect their peace of mind. Following an evidentiary hearing, the planning commission denied the conditional use permit based on its conclusion that the applicant had not established that aggregate mining use was compatible with uses on adjacent lands. Vian appealed to the county board of commissioners, and the board reached a different conclusion, reversing the planning commission and approving the conditional use permit for the quarry.

Petitioner sought review of the county board's approval of the conditional use permit before LUBA. Petitioner argued that the county's issuance of a conditional use permit violated the county's Land Use Development Ordinance (LUDO) 3.39.050(1), which provides the county's general approval criteria for conditional use permits. Petitioner contended that the county violated LUDO 3.39.050(1)'s provision requiring that "[t]he proposed use is or may be made compatible with existing adjacent permitted uses and other uses permitted in the underlying zone." *Currie I*, 79 Or LUBA at 601. Petitioner noted that the county did not identify the characteristics of the neighboring uses to evaluate the compatibility of the quarry with those existing uses, but merely identified the distances between the proposed quarry and some existing residences. LUBA quoted petitioner's position in its opinion in *Currie I*:

> "It is petitioner's position that the county '[m]erely reciting the distances between some existing residences and the proposed quarry does not constitute substantial evidence that the quarry is compatible with each existing adjacent permitted residential use.'"

*Id*. LUBA concurred with that view, stating that "[w]e agree with petitioner that understanding the identity and nature of existing uses is part of establishing compatibility between uses." *Id*.

LUBA also specifically addressed arguments that it understood that petitioner had *not* sufficiently argued before LUBA or raised before the county. LUBA distinguished the argument that petitioner had raised as to the quarry's potential incompatibility with *existing* uses from

an argument that petitioner had not raised as to the quarry's potential incompatibility with all *potential* permitted uses, whether existing or not:

> "Based upon petitioner's statement that 'Douglas County made no finding that the quarry operation was compatible (or could be made so) with the lands zoned Tourist Commercial,' it appears petitioner may be making an argument that the code requires the county to evaluate all uses that could be permitted on adjacent lands under their zoning, as well as existing uses. *** Petitioner does not develop this argument nor indicate that the argument was preserved. *Deschutes Development Co. v. Deschutes County*, 5 Or LUBA 218 (1982); ORS 197.835(3). Accordingly, we do not address the argument further."

*Id*. at 602.

LUBA remanded the proceeding to Douglas County. In its disposition, LUBA noted that, on remand, the county must identify and take into account the nearby uses. It stated:

> "The county's decision is not supported by substantial evidence ***. *The county must identify the surrounding uses, explain the characteristics of the surrounding uses and set forth the substantial evidence establishing that the applicable approval criteria are met with respect to air quality/dust, water quality, noise, wildlife, and farm and forest impacts.*"

*Id*. at 609 (emphasis added). Petitioner did not appeal LUBA's final opinion and order in *Currie I* so the case was then remanded to Douglas County.

In the remanded proceedings before the county, petitioner continued to object to the issuance of the conditional use permit to Vian. The county board issued an order that quoted the part of LUBA's remand order set forth in italics above verbatim. The board then remanded the matter to the county planning commission for an additional evidentiary proceeding. In its notice of that hearing, the commission stated that "[o]ral or written testimony will be limited to only the issues raised in the remand from LUBA." (Underscoring in original.)

After hearing additional evidence and arguments from petitioner and others, the planning commission issued an order approving Vian's conditional use permit for the quarry. The county planning commission also quoted the LUBA remand instructions verbatim in its own final order. In its specific findings, the planning commission stated that it may grant a conditional use permit if the application meets the criteria in LUDO 3.39.050(1), providing, among other things, that "[t]he proposed use is or may be made compatible with existing adjacent permitted uses and other uses permitted in the underlying zone." The commission specifically found that the adjacent uses and all surrounding farm and forest uses had been identified. It further found that the proposed use would not cause or force a significant change in the cost of surrounding farm and forest uses. The commission similarly found that the proposed use was compatible with adjacent uses in terms of noise, water quality, air quality, and wildlife. The commission concluded that "[t]he proposed use, subject to the conditions enumerated herein, meets all applicable criteria." The county board declined to review the planning commission's order, thereby affirming it.

Petitioner then petitioned LUBA for review of the county's decision. Before LUBA, petitioner argued that the county should not have granted Vian's conditional use permit, because there was not substantial evidence that the proposed quarry was compatible with *other* potential uses—not merely existing uses—that could be permitted, and approval of the conditional use permit for the quarry therefore violated LUDO 3.39.050(1).

In its opinion addressing that issue, *Currie II*, LUBA noted that it had previously concluded in *Currie I* that petitioner had not preserved or adequately developed an argument before the county board that the county had to demonstrate that the proposed quarry was compatible with adjacent uses that were not yet existing but that could be permitted in the underlying zone. Relying on *Beck v. City of Tillamook*, 313 Or 148, 831 P2d 678 (1992), LUBA concluded that "[a] petitioner may not raise an issue in a subsequent stage of a proceeding if that issue was previously

decided adversely to [petitioner], or if [petitioner] could have but failed to raise the issue below." Having failed to develop that argument before the county prior to LUBA's decision in *Currie I*, LUBA held that petitioner could not attempt to develop that issue for the first time in the limited remand proceeding before the county, or in the ensuing appeal to LUBA in *Currie II*. LUBA, however, sustained some of petitioner's arguments and remanded the proceeding again to the county for further proceedings. Petitioner now seeks review of LUBA's order in *Currie II*.

In petitioner's first assignment of error, petitioner contends that LUBA erred in concluding that petitioner could not argue that, under LUDO 3.39.050(1), the proposed quarry was incompatible with nonexistent but permissible uses, because petitioner had not raised that argument in the proceedings prior to and during *Currie I*. As a result, petitioner contends, among other things, that LUBA's opinion and order is unlawful in substance under ORS 197.850(9).

Petitioner makes two arguments before us. We address each in turn. First, petitioner notes that LUBA's remand instructions required a showing that the application met the "applicable approval criteria" and, she further observes, such criteria under LUDO 3.39.050(1) require a finding *both* that "[t]he proposed use is or may be made compatible with existing adjacent permitted uses and *other uses permitted in the underlying zone*." (Emphasis in original.) Therefore, petitioner reasons that the issue of the proposed quarry's compatibility with not existing but permitted uses *was* part of LUBA's remand to the county and that the county then proceeded with that understanding on remand. We conclude that petitioner's first argument fails, because it is contradicted by the text of LUBA's specific remand and, more broadly, the rest of LUBA's opinion in *Currie I*. It is also contradicted by the record of the county proceeding on remand.

In *Currie I*, LUBA remanded and asked the county to identify the proposed quarry's "surrounding uses," explain the characteristics of the "surrounding uses," and determine that the "applicable approval criteria" were met with respect to particular resulting impacts. *Currie I*, 79 Or

LUBA at 609. Although LUBA used the term "surrounding uses" and not "existing surrounding uses," the "surrounding uses" identified by LUBA were the existing surrounding uses and not potential but nonexistent surrounding uses. *Id*. at 601-02. If there was any doubt about the intended scope of the issues on remand, LUBA made clear in the balance of the opinion that petitioner had not adequately developed an argument under LUDO 3.39.050(1) that the proposed quarry had to meet the approval criteria as to potentially permitted but not existing uses. Petitioner's argument that the remand order broadly directed the county to address all applicable criteria under LUDO 3.39.050(1) as to both existing and potential permitted uses is directly contradicted by LUBA's opinion and remand order. Further, the county confined itself to the limited issues on remand when reopening the record.

Petitioner's second argument relates to the first, and it also depends on the nature of the remand following LUBA's opinion in *Currie I*. Petitioner, relying on ORS 197.763(7), contends that "Oregon law allows parties to land use proceedings to raise new, unresolved issues that relate to new evidence and arguments that are presented on remand by opposing parties." That is generally true. ORS 197.763(7) provides:

> "When a local governing body [or] planning commission *** reopens a record to admit new evidence, arguments or testimony, any person may raise new issues which relate to the new evidence, arguments, testimony or criteria for decision-making which apply to the matter at issue."

As in her first argument, petitioner contends that, when the county reopened the record for new evidence and argument regarding the "applicable approval criteria," it necessarily reopened the record as to *all* criteria under LUDO 3.39.050(1), including criteria that required a showing that the proposed quarry was compatible with surrounding permitted but not existing uses. But, as we note above, the remanded issue was not so broad, and the county did not reopen the record for new evidence and argument regarding compatibility with surrounding permitted but not existing uses. The county understood the limited nature of the remand and provided

that "[o]ral or written testimony will be limited to only the issues raised in the remand from LUBA." (Underscoring in original.) Because the county did not reopen the record to admit "new evidence, arguments, or testimony" relating to that "criteria for decision-making," ORS 197.763(7), the county did not consider such new evidence.

Petitioner also relies on *Schatz v. City of Jacksonville*, which states that LUBA's remand "may *require* local governments to resolve certain questions before making a new decision; generally speaking, however, it cannot *prevent* them from considering other questions." 113 Or App 675, 680, 835 P2d 923 (1992) (emphases in original). Although true, that does not assist petitioner's argument before us. Petitioner contends that LUBA remanded *Currie I* to the county to consider the quarry's impact on potential permitted but not existing uses under LUDO 3.39.050 *and* that the county did the same on its subsequent remand to the planning commission. However, as discussed above, the county did not reopen the record on remand to consider new evidence on permitted but nonexistent uses. To the extent that petitioner wanted to pursue that issue, she could have appealed LUBA's decision in *Currie I* to our court, contended that LUBA erred in concluding that petitioner had not preserved her argument, and pursued the underlying merits issue then. Petitioner did not further appeal or pursue that issue then, but unsuccessfully seeks to revive the underlying issue before us now. *See Beck*, 313 Or at 152-54 (noting in a similar circumstance that the petitioner's failure to appeal LUBA's decision needlessly delayed resolution of the issues and was contrary to the legislative policy in the statutes governing LUBA, which favor narrowing issues on remand from LUBA, avoiding redundant proceedings, and resolving land-use proceedings quickly); *Devin Oil Co. v. Morrow County*, 252 Or App 101, 113, 286 P3d 925 (2012) ("Because petitioner's current challenge to the limitation that the county imposed could have been raised, but was not raised, in petitioner's first appeal in this case, petitioner waived its challenge to that limitation."). For the reasons discussed above, we reject petitioner's first assignment of error.

In sum, we reject each of petitioner's assignments of error. We conclude that LUBA's opinion and order was

not, as petitioner contends, unlawful in substance, ORS 197.850(9)(a). Accordingly, we affirm.

Affirmed.